In the Matter of the Appraisal, Under the Transfer Tax Acts, of the Property of JAMES JOURDAN, Deceased.

(Surrogate's Court, Kings County, December, 1910.)

Taxes — Inheritance and transfer taxes — Rate of taxation.

In the provisions of section 221 of the Transfer Tax Law establishing increasing rates of taxation for the transfer of increasing amounts of property, the words "up to and including the sum of" relate to the excess over the amount subject to the previous rate of taxation, and not to the entire amount of the transfer, and should be construed as if the statute read " up to and including an excess equal to the sum of ".

PROCEEDING for the appraisal of the estate of a decedent for the purposes of the transfer tax.

Dykman, Oeland & Kuhn (Francis L. Archer, of counsel), for estate.

William W. Wingate, for State Comptroller.

KETCHAM, S. The Transfer Tax Law, section 221, after providing for primary rates of taxation, is, in part, as follows:

" Whenever any property, real or personal, or any beneficial interest therein which passes by any such transfer to

or for the use of any person or corporation, shall exceed the amount of twenty-five thousand dollars over and above the exemptions hereinbefore provided the rate of taxation shall be as follows:

" Upon all amounts in excess of the said twenty-five thousand dollars up to and including the.sum of one hundred thousand dollars, twice the primary rates;

" Upon all amounts in excess of the said one hundred thousand dollars and up to and including the sum of five hundred thousand dollars, three times the primary rates;

" Upon all amounts in excess of the said five hundred thousand dollars up to and including the sum of one million dollars, four times the primary rates;

" Upon all amounts in excess of the said one million dollars, five times the primary rates."

The executrix claims that these secondary or multiplied rates of taxation are each to be calculated upon so much of the transfer as shall exceed the amounts taxable at a lower rate or rates, and shall itself be equal to any part of the maximum limit stated in a given clause.

The Comptroller insists that such increased rate shall be calculated upon so much of the transfer as shall be in excess of the amount taxable at a lower rate or rates and shall not exceed the maximum stated, after taking therefrom the amounts taxed under preceding provisions.

For example: In this estate, in which the taxable transfer amounts to $2,141,000.48, the difference between the parties under the provision for twice the primary rate is as follows:

The executrix claims that the amount taxable at two per cent. is $100,000, because there is a transfer in excess of $25,000, which transfer itself is equal to the $100,000 limit.

The Comptroller's claim is that the amount taxable at two per cent. is $75,000, upon the theory that the excess of transfer which is to be subjected to that rate is such sum as shall equal $100,000, less the $25,000.

One reads the statute as a provision that the taxable amount, when it passes $25,000, shall itself be measured by $100,000. The other derives from it a provision that the

taxable amount is one which, together with the amount previously assigned for taxation, shall not exceed the $100,000.

The words " property " and " interest " are, by their context, confined to the interest which passes to the individuals who benefit by the transfer and cannot be descriptive of the property or interest therein of the decedent. This meaning is confirmed by the definitions found in section 243 of the act.

Hence, in each of the phrases beginning with the words " upon all amounts," it is the legacy or other taxable benefit which is at first contemplated, and to which the subsequent language is at least presumed to relate. It is as if these words were " upon all amounts of legacy   *   *   *   which shall be up to and including," etc.

Even in the reading of an act of the Legislature, the grammar may be resorted to, if caution be exercised; but the need of such caution appears when it is seen that, if these words " up to and including the sum," etc., should receive their standard meaning, no tax would be imposed upon a transfer of more than $25,000, unless it should attain the full amount of $100,000, for an amount cannot be " up to and including " another sum unless it reaches that sum.

This interpretation would be intolerable, and it must be that the words are used in the homely and popular sense recognized when a man says, " I will engage for all amounts more than $25,000, and up to and including $100,000."

This informal use of the expression is illustrated in Wright Co. v. Aero Corp., Limited, reported in the New York Law Journal, of December 28, 1910, wherein is considered a contract in which the defendant promises that if there shall be a surplus remaining in a certain fund after certain payments, " it will pay over said surplus to The Wright Company, up to the sum of $15,000."

The construction, therefore, must be as if the words in question were, " equal to any part or the whole of $100,000."

Let the statute be further trimmed to its essentials, in view of the fact that the subject of the entire provision quoted is the " property " or " interest " which is carved out of or separated from the decedent's estate and which passes

Surrogate's Court, Kings County, December, 1910. [Vol. 70.

to the beneficiary of the transfer. In this case there is a will, and the only subject of the tax is a legacy to the decedent's widow.

Suppose, then, that for the recurring words "upon all amounts" there be substituted, "upon all amounts of legacy." Supplying these coefficient phrases and smoothing out the ambiguity contained in the words "up to and including," the first clause would then, for the purpose of interpretation, read as follows:

"Upon all amounts of legacy which shall be in excess of the said $25,000 and which shall also be equal to any part or the whole of $100,000, twice the primary rates."

Suppose that the same words were used to prescribe the rate of taxation upon sums, irrespective of whether or not they exceeded any other sum. Could there be any doubt of the meaning if a certain rate were prescribed "upon all amounts up to and including $100,000?"

If, in the case imagined, the words have a primary and inevitable meaning, what new color is given them by association with the other words found in this statute, viz., "in excess of $25,000?" It is the subject of the whole clause, viz., "all amounts," which is qualified by these additional words, and their capacity to qualify is exhausted in their application to that subject. Neither by any grammatical relation between the two sets of words, viz., "in excess of," etc., "up to and including," nor by any rule of language, can it be said that the thought in the first set is thrown forward into the second.

To what language in this act can appeal be made for an interpretation that the sum taxable at the double rate shall be such as does not exceed a sum which, in the statute, masquerades as $100,000, but is actually $75,000? If there were gifts in a will: To A, $25,000, and to B, all amounts in excess of $25,000, up to and including $100,000, would not B take $100,000 if the estate were large enough?

The provision for "twice the primary rates" may be taken as a type by which the succeeding provisions are governable. "Excess" is that quantity or measure by which one amount surpasses another. "To exceed" or "to be in excess of" is to leave and go beyond or outside of.

The amounts taxable under this first clause must exceed, *i. e.,* go out of and beyond and stand apart from the $25,000. The words of the act afford no conception of an amount which shall exceed $25,000 and also shall be reckoned by taking in the $25,000 as a part of itself. It cannot both exceed and include.

Then, further, the count, wherever it begins, must progress up to and into the $100,000, if the size of the transfer will serve.

Yet against these significations, the construction advocated by the Comptroller would either make the statute mean that the amount to be subjected to the double rate is to contain the $25,000 at the same time that it is separated from it, or would make it mean that the computation of the amount so taxable is to start from and outside of the $25,000 and stop 25,000 points short of the $100,000 mark, although it is expressly declared that the computation is to proceed as nearly to the $100,000 mark as the amount of the transfer will permit.

No word, or set of words, has been found in this statute which under any turn of meaning yields the construction for which the Comptroller contends. There is a sort of preconception which seems to beset the mind as it approaches this statute, under the influence of which one expects to find that construction, but, upon examination, it appears without verbal warrant.

The argument is made that the final provision for taxation, on "all amounts in excess of the said one million dollars" reveals an intention that the rate of five times the primary rates is to be applied to all such sums as shall be found after only $1,000,000 has been taxed under the earlier provisions, and after the difference between that $1,000,000 and the sums still to be taxed has been ascertained for the maximum imposition.

In this respect, it is said, that since the last taxable amount in fact exceeds all the sums previously taxed, then the statute should be read as if the sum of $1,625,000 had been named as the sum to be subtracted from the taxable remainder, instead of the $1,000,000 indicated by the statute.

**164**         MATTER OF JOURDAN.

The answer to this is that, in each instance, " the said sum " which is set as the point from which the next subject of taxation is to be computed, is merely a point of departure from which computation is to proceed, and neither in itself nor by any qualifying word appears to include or in any manner to be related to the amount of transfer taxable under the preceding provisions.

The amount mentioned at the end of each clause is but the mark beyond which the computation required by that clause cannot go.   When reproduced at the beginning of the next clause, it is again but a mark from which computation must commence.   Arbitrary in both uses, it has nothing to do with measuring the sums already subjected to the tax.

The suggestion as to what may have been the intention of the Legislature can only be listened to when there is found in the act some verbal likeness or approximation to that intention.   Construction may find a legislative purpose, but only by the aid of the legislative language.   It cannot impose upon words, wholly unfriendly, a thought which the words exclude, nor can it conjure into language additional words needed to fulfill the suspected purpose.

Under any rule of construction, favorable or unfavorable to the taxing power, a tax cannot be imposed which the statute has not in some manner, directly or indirectly, prescribed.

The tax should be:   One per cent. on $25,000; two per cent. on $100,000; three per cent. on $500,000; four per cent. on $1,000,000; five per cent. on $516,000.48 " in excess of the said $1,000,000."

Decreed accordingly.