legatee named, or to his child or children in case of his death in the lifetime of the testatrix.

[2] The devises to one to be held in trust for his children, with a direction that the legatee named shall have the income during his life, must be construed as gifts to the person first named for life, with remainder to his children.

[3] In the seventh paragraph the gift of the deed to premises mentioned can be no more than a bequest of the instrument. In grammatical effect that is all that it can mean, and in the vocabulary of the testatrix, as established in two other paragraphs of the instrument, it is given that meaning unquestionably.

[4] The legacy of $2,000 in the seventh paragraph is primarily payable out of the personal estate. There is no word or intimation in the will by which it is charged upon the real estate. In the eleventh paragraph there is an implied trust, and therefore a devise in trust to the executors named, under which they are to take possession of the residue, including the house, 19 Fourth Place, invest the same in the house mentioned, pay the expenses of keeping the property, pay the income to the person named during her lifetime and the principal of the residue is to be divided equally among the heirs of the life tenant.

The decree of probate will embody a construction accordingly.

Decreed accordingly.

---

(78 Misc. Rep. 703.)

### In re HOGG'S ESTATE.

(Surrogate's Court, Westchester County. December, 1912.)

1. TAXATION (§ 895*)—TRANSFER TAXES—APPRAISAL.

   Where a will devised and bequeathed the residuary estate in trust for a body of persons uncertain as to number, and ascertainable only on the death or remarriage of the testator's widow, and the value of the portion going to each person is determinable only when the trust fund, is to be divided, the estate is subject to a transfer tax as one legacy.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

2. TAXATION (§ 895*)—TRANSFER TAXES—APPRAISAL.

   The sum of $100,000 is to be taxed at the second rate prescribed by the Transfer Tax Law (Consol. Laws 1909, c. 60, §§ 220–245), and not merely the excess over $25,000 up to $100,000.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

Appraisal of the estate of Charles B. Hogg under the acts in relation to taxable transfers of property. From an order confirming the report of an appraiser, an appeal is taken. Affirmed in part and reversed in part.

Stewart & Shearer, of New York City, for appellant United States Trust Co.

Henry W. Simpson, of New York City, for appellants Permelia T. Lindridge and others.

John J. Sinnott, of North Tarrytown, for respondent State Comptroller.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLARD, S. Charles B. Hogg died a resident of the county of Westchester, state of New York, on the 5th day of January, 1911, leaving a will which was thereafter admitted to probate by the Surrogate's Court of the County of Westchester. A proceeding was thereafter commenced by the executors of his will for the assessment of the transfer tax upon his estate and upon the report of the appraiser, duly appointed, an order was made and entered on the 7th of July, 1911, fixing the transfer tax upon the property of the decedent.

This appeal is taken from two provisions of the order: (1) The appellants claim that the tax assessed against the property passing under the fifth paragraph of the will should have been assessed separately against the various life and remainder interests in the testator's residuary estate in place of being assessed as one legacy after the deduction of the widow's life estate, and (2) that the said tax should have been assessed so that the first $100,000 in excess of $25,-000 should be at 1 per cent. in place of $100,000 including the first $25,000.

The fifth paragraph of the said will is as follows:

"Fifth. All the rest, residue and remainder of my property, both real and personal, of whatever kind or nature, and wherever situate, I give, devise and bequeath to the United States Trust Company of New York, in trust, however, to invest and keep the same invested, and out of the income therefrom, to pay over to my wife, Caroline F. Hogg, during her life, or until her remarriage, the sum of five thousand two hundred dollars annually in equal quarterly payments, on the first days of February, May, August and November, beginning as of the first of such quarterly dates after my decease; and until my executors hereinafter named turn over the property of my estate to my said trustee, I direct my said executors to make such payments out of the moneys then in their hands; the balance of the income of my estate, after the payment of the annuity above provided for, I direct my said trustee to pay over quarterly in equal shares to my three daughters, Amelia T. Lindridge, Annie F. Crafts and Mary E. Maxwell, or in the event of the death of either of them, to the survivors of them and the surviving children of any such deceased child, per stirpes; upon the death or remarriage of my said wife, I direct my said trustee to divide my property then in its hands into as many equal shares or portions as there may be daughters me surviving or represented by issue then surviving, and to continue to invest and hold one of said shares or portions in trust for the benefit of each of my said surviving daughters and to pay over the income therefrom to such daughter quarterly during her natural life and upon her death to pay over and deliver the principal of such trust fund together with all accumulated income to her lawful issue, her surviving, or in default of such issue to my surviving children and the issue, then surviving of any such child who may have died, per stirpes; and in the event of the death of any of my said daughters before the division of my property as hereinabove provided, leaving lawful issue her surviving, I direct my said trustee upon such division of my property, to pay over and deliver the share or portion thereof which otherwise would have been retained in trust for such deceased daughter to her issue her surviving, per stirpes."

[1] The appraiser, after having the value of the annuity of the widow appraised by the insurance department, taxed all the residue of the estate to the United States Trust Company of New York, which was entitled to the same according to the fifth paragraph. In other words, as in said fifth paragraph provided, the trustee is to pay to the widow an annuity of $5,200 per year during her life or until her remarriage, and the balance of the income is to be paid to the daugh-

ters of the decedent surviving him or to the issue of any deceased daughter per stirpes. If this were all of the paragraph, there could be very little doubt as to the manner of arriving at the tax or the rate thereof, but the clause further provides that *after the death or remarriage of the widow* the entire trust estate is to be divided into as many equal parts as there are then daughters surviving or issue representing deceased daughters and each share is to be invested and the income paid over for life to the daughter and remainder over to her issue, and in case a daughter has died at the time of the division that share is to be paid to her issue, and in the case of a daughter dying without issue her share is to go to the survivors.

It seems, therefore, plain to me that the final disposition of the trust estate is postponed until the death or remarriage of the widow, and it cannot be definitely determined who is to share in this fund until the happening of such event. There is no possible manner at this time of determining to whom or in what proportion the residuary estate is finally to go. The persons to share in the residuary estate are to be determined at the time of the division, which is to be made at a future time, namely, at the death or remarriage of the widow. It seems to me that this condition fully complies with the rule of a gift to a class as laid down in Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146, which is as follows:

"A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number, at the time of the gift, *to be ascertained at a future time*, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number."

In this case we have a gift to a body of persons uncertain as to number and only to be ascertained at a future time (the death or remarriage of the widow), and the value each is to take is a definite portion, but only determined upon the number of the survivors at the time of the division.

I therefore hold that the bequest to the United States Trust Company of New York is a bequest to a class and as such is taxable as one legacy, and I therefore confirm the report of the appraiser in so taxing it.

[2] As to the other point in the case there is no longer any doubt but that the appraiser's report must be reversed upon the authority of Matter of Jourdan, 70 Misc. Rep. 159, 128 N. Y. Supp. 728, and the first $25,000 should first be taxed and then $100,000 instead of $75,000 additional and the first $25,000 as in said report set forth. As to this the appraiser's report should be reversed.

Order in accordance with above memorandum will be signed.

Decreed accordingly.