ANNA B. TORRANCE, EXECUTRIX, &c., PROSECUTRIX, v.
EDWARD I. EDWARDS, DEFENDANT.

*Submitted July 6, 1916—Decided November 9, 1916.*

1. Where the language of a New Jersey statute is clear and unambiguous, the courts of this state will not go back of the language of the statute and consider the construction placed upon a similar statute by a foreign jurisdiction, especially when there is a difference in the construction in courts of sister states.
2. The true meaning of section 4 of the Inheritance Tax act (*Pamph. L. 1914, p. 269*), dealing with exemptions and the imposition of a graduated transfer tax upon decedents' estates, is that (1) the first $5,000 shall be exempt, (2) the next $45,000 shall be subject to a tax of one per cent., (3) the next $100,000 shall be subject to a tax of one and one-half per cent., (4) the next $100,000 shall be subject to a tax of two per cent., and (5) all the amount over $250,000 shall be subject to a tax of three per cent.

On *certiorari*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutrix, *Stephen H. Little.*

For the defendant, *Theodore Backes* and *Herbert Boggs.*

The opinion of the court was delivered by

KALISCH, J. The matter in controversy in this case relates to the legality of the method of computation adopted by the defendant in ascertaining and levying an assessment under the Inheritance Tax act.

The construction of that part of section 1, paragraph 4 of the Inheritance Tax act (*Pamph. L. 1914, p. 267*), dealing with exemptions and the imposition of a graduated transfer tax upon decedents' estates is involved. The decedent, a widow, died September 3d, 1915, leaving a will by which instrument she bequeathed and devised her entire estate to her daughter, the prosecutrix.

There is no controversy regarding the value of the estate as appraised by the comptroller.

The value of the estate, both personal and real, was appraised at ............................ $248,152.16

    Debts, expenses, &c.................. 9,035.30

    Net for distribution................ $239,116.86

    Exempt interests .................. 5,000.00

    Taxable interests .................. $234,116.86

The tax assessed was $3,732.34 and was computed as follows:

| | | |
|---|---|---|
| Exempt ............... | $5,000.00 | |
| 1% on ............... | 45,000.00 = | $450.00 |
| 1½% on ............. | 100,000.00 = | 1,500.00 |
| 2% on ............... | 89,116.86 = | 1,782.34 |

$234,116.86 = $3,732.34

The prosecutrix claims that the tax should have been assessed as follows:

| | | |
|---|---|---|
| 1% on ............... | $50,000.00 = | $500.00 |
| 1½% on ............. | 150,000.00 = | 2,250.00 |
| 2% on ............... | 34,116.86 = | 682.34 |

$234,116.86 = $3,432.34

It is obvious that the rule of computation contended for by the prosecutrix differs materially from the rule in that respect adopted by the defendant. By comparing the results arrived at by the two methods of computation of the tax, it appears that the result of the defendant's computation exceeds by $300 the amount which the prosecutrix contends is legally assessable under the statute.

For the prosecutrix it was argued that the act of 1914 was copied from the New York statute on the subject, and hence that it will be assumed that the New York statute was taken by our legislature with the construction put upon it by the courts of that state.

That under the decisions of the courts of the State of New York, a method of computation such as was adopted in the present case by the defendant was held to be erroneous, whereas the method of computation as contended for the prosecutrix was declared to be the proper rule.

In this connection it becomes important to mention that the provision in the Inheritance Tax act of 1910 of the State of New York relating to the graduating of taxes was amended in 1911.

A comparison of the provision of the Graduated Tax act of New York of 1910 with the provision of section 4 of our act of 1914 will show a marked dissimilarity in language.

It was the act of 1910 which was construed in the case. *In re Jourdan's Estate* (1910), 70 *Misc. Rep.* 159; 128 *N. Y. Supp.* 728; 206 *N. Y.* 653; 99 *N. E. Rep.* 1109.

The construction given to the act of 1910, by the courts of the State of New York, is significant in that it was founded upon the use of the language employed in the act graduating the tax, for example, such as: "Upon all amounts in excess of the said $25,000 and up to and including the sum of $100,000."

It was on the use of the words "and including" in the act of 1910, and which are not contained in the New Jersey statute, that the New York courts rested the construction contended for by the prosecutrix.

It is true that in 1911 the New York statute was amended, and the words "and including" omitted from the provisions referred to, and that the same question that was raised in the *Jourdan Case, supra,* was again raised under the act of 1911 *In re Herman Schwartz,* where it was held by Surrogate Fowler that though there was a change in the language of the statute, the decision of the Court of Appeals in the Jourdan case was controlling. This decision was affirmed by the Appellate Division, without opinion, but not unanimously. *In re Schwartz,* 141 *N. Y. Supp.* 349; *S. C.* on appeal, 209 *N. Y.* 537; 102 *N. E. Rep.* 1113.

It is apparent that the omission of the words "and including" from the New York statute of 1911 makes the re-

semblance between the provisions of the New York and New Jersey statutes relating to the graduating tax very close.

While we recognize the force of the rule laid down in *Neilson* v. *Russell,* 76 *N. J. L.* 655; *Clay* v. *Edwards,* 84 *Id.* 221, and *Hopper* v. *Edwards,* 88 *Id.* 471, that where the legislature enacts a provision taken from a statute of another state, in which the language of the act has received a settled construction, it is presumed to have intended that such provision should be understood and applied in accordance with that construction, we do not think that this rule is applicable with full force here, since it is clear that to adopt the construction of the New York courts requires a twisting of the natural sense of the language of our act from its plain import.

Besides all this there is the fact that the State of California had a statute in 1905 to which the New Jersey statute bears a close resemblance, and, therefore, it would be an equally fair presumption that the provision in our statute relating to the graduated tax was patterned after the California statute as that it was taken from the New York statute. And as there is a strong resemblance between the provision of the New York statute of 1911 relating to the graduated tax to the one in the California statute of 1905, it may be argued with great force that the New York provision was copied from the one in California, and that the construction given by the California courts to the statute should have been followed. From an examination of the California cases it appears that the same construction was put on the provision in its statute as was exemplified by the defendant in his computation based on the New Jersey statute. See *In re Bull's Estate,* 153 *Cal.* 715; 96 *Pac. Rep.* 366 (1908); *In re Timken's Estate,* 109 *Pac. Rep.* 608 (*Cal.,* 1910). Furthermore, we think the language of the provision of the statute under discussion is too plain to make it necessary to seek the interpretation placed upon a like provision by the courts of a sister state, where the act is supposed to have had its origin.

If we entertained a doubt as to the meaning of the language of the act, as expressed by the legislature, it would be incumbent upon us in dealing with a statute imposing a tax, to

resolve that doubt in favor of the taxpayer. But we are not disturbed by any doubt. The New Jersey statute, applicable to the facts of the present case, provides that the transfer of the property shall be taxed at the rate of one per centum on any amount in excess of $5,000 up to $50,000. The clear meaning of this is that $45,000 shall be subject to a one per centum tax; then one and one-half per centum on amount in excess of $50,000 up to $150,000. Now it is clear that the amount in excess of $50,000 up to $150,000 is $100,000; therefore, $100,000 is subject to the one and one-half per centum tax; then two per centum on any amount in excess of $150,000 up to $250,000. Again it is as clear as language and mathematics can make it, that the amount in excess of $150,000 up to $250,000 is $100,000, and is subject to the two per centum tax; then follows the general clause, "and three per centum on any amount in excess of $250,000."

It is quite obvious that if the theory of the prosecutrix should prevail, the three per centum clause would not be applicable until the amount was in excess of $455,000, which is clearly against the express declaration of the statute.

The writ will be dismissed and the assessment affirmed.