**TAX COMMISSION v LAMSON et**

Ohio Appeals, 1st Dist, Hamilton Co

Decided July 18, 1932

W. H. Middleton, Jr., Waverly, for plaintiff in error.

Taft, Stettinius and Hollister, Cincinnati, for defendants in error.

.ROSS, PJ.

Answering the last contention first—
There can be no taxable reversionary interest in the donor, for the reason that he is dead; there can be no reversion to him,

84

and the indenture provides for other distribution in the event of that contingency.

As to the second contention:—The instrument was executed at a time when the donor had a will in existence, which he could have amended by codicil, and the trust instrument took effect as a transfer at once and not upon the death of the donor. It can not be therefore said to be testamentary in character, unless the first contention of the Commission is tenable.

Previous pronouncements of even authoritative courts are of little aid to a court in reaching a conclusion upon issues such as are presented in the instant case. Two Judges, constituting two separate courts, in considering the trust instrument here involved, however, have concluded that the circumstances surrounding its execution indicate that it was not executed in contemplation of death and that the evidence submitted is sufficiently strong to meet the presumption provided in the statute. Such presumption, of course, is not conclusive.

Agreeing with these previous conclusions of the lower courts, we are convinced that the evidence clearly indicates that John Gates, even if he had been a young man with a long expectancy of life, would have executed the trust indenture' and that neither the certainty of the event of death nor the uncertainty of its occasion influenced his action.

While the facts are somewhat different from those in **Burton v Tax Commission**, 37 Oh Ap, 183, (9 Abs 349) in which a motion to certify was overruled, there is this similarity, that in each case there was a distinct determination upon the part of the recipient of the bequest to have no part in the benefits thereof. That the motives prompting such conclusions were different does not affect the fact of the existence of an intent, wholly separate, distinct, and entirely uninfluenced by the sentiments aroused by a contemplation of death.

The transfer was, therefore, not a testamentary distribution of the estate of the donor, but rather the performance of an act prompted by a sense of justice and propriety, and performed with sufficient promptness to indicate that no ulterior motive intervened.

The judgment of the Court of Common Pleas, sustaining the ruling of the Probate Court of Hamilton County upon the exceptions in favor of the executors and holding that the trust fund was not taxable, is affirmed.

HAMILTON and CUSHING, JJ, concur.