In the Matter of Estate of Frantz: Huntington National Bank of Columbus et al., Exrs., Appellants, *v.* Tax Commission of Ohio, Appellee.

(Decided October 2, 1939.)

*Mr. James I. Boulger,* for appellants.

*Mr. Thomas J. Herbert,* attorney general, *Mr. Aubrey A. Wendt* and *Mr. Perry Graham,* for appellee.

BARNES, J.   The above entitled cause is now being determined on appeal on questions of law from the judgment of the Probate Court of Franklin county, Ohio.

The executors of the estate of Joseph H. Frantz, deceased, and Jessie G. Frantz, individually, are the appellants and the Tax Commission of Ohio, appellee.

Joseph H. Frantz died on August 19, 1938, leaving a large estate, the net amount of which subject to succession tax against the widow according to the finding of the Probate Court was $368,252.20, less the exemption provided by law; and according to the claim of the appellants should be $44,000 less.

On December 14, 1935, Joseph H. Frantz by deed of gift conveyed to Jessie G. Frantz their residence property which, for the purposes of this action, was conceded to be of the value of $44,000.   It is stated in the briefs both for the appellants and the appellee that on June 21, 1932, Joseph H. Frantz executed a last will and testament.

The trial court in its written opinion refers to the last will and testament as having been probated and quotes at length from pertinent provisions thereof. We doubt very much if under the state of the record the will is properly before us.

However, in view of the fact that this question is not raised and the further fact that counsel in their briefs seem to concede that it is properly before us, we will determine the case without further comment as to this apparent irregularity.

The same observation can be made relative to a codicil which was purported to have been executed by Joseph H. Frantz on December 17, 1935, and probated after his death.

The first question for determination is whether the deed of gift made by Joseph H. Franz to his wife, Jessie G. Frantz, was made in contemplation of death within the meaning of that term as used in Section 5331, General Code, which is the first section in the chapter providing for inheritance tax.

The entire section is devoted to a definition of terms as used in the subdivision of the chapter. The last paragraph reads as follows:

"5. 'Contemplation of death' means that expectation of death which actuates the mind of a person on the execution of his will."

Section 5332, General Code, provides for the levying of a tax upon the succession to any property passing to or for the use of a person, institution or corporation in enumerated cases; paragraphs 1 and 2 refer to successions by will or intestate laws of the state. Paragraph 3 of that section is pertinent to the present case and reads as follows:

"3. When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

"(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or * * *."

Subdivision (b) of paragraph 3 has no bearing and is not quoted. Section 5332-2, General Code, in sub-

stance provides that any transfer of property made without a valuable consideration, etc., so made within two years prior to the death of the transferor shall, unless shown to the contrary, be deemed to have been made in "contemplation of death" within the meaning of the title. In the instant case, while the deed was made without consideration it was executed, delivered and recorded more than two years prior to the death of the donor and it therefore follows that Section 5332-2, General Code, does not apply, but on the contrary the burden of proof rests upon the Tax Commission to prove by a preponderance of the evidence that the transfer made without consideration was in contemplation of death and thereby subject to the succession tax.

The Tax Commission introduced no testimony whatever. It was represented by counsel at the hearing and witnesses called by the exceptors were cross-examined. On the question relative to the deed for the residence to Mrs. Frantz the only witnesses called by the appellants were the widow, Jessie G. Frantz and Osee Stevenson, the latter being a private secretary of Mr. Frantz during his lifetime. According to the testimony of Mrs. Frantz they had lived in this residence since about 1916. From about 1928 on she had taken charge of the improvements, decoration and beautification of the grounds and paid for same out of her separate property. She says that Mr. Frantz was not particularly interested in looking after these things and he left everything to her to be done as she pleased. He never mentioned to her the contemplated deed until a couple of days before making it when he told her that he was going to deed the property over to her. She was asked specifically if he said anything about doing this in contemplation of death and her answer was that he did not and further that he never talked on that subject.

When the deed was executed and delivered to her

Mr. Frantz suggested that she have it recorded immediately as the increase in the federal gift tax would become effective within a day or two. Miss Stevenson testified that as private secretary for Mr. Frantz she wrote out all checks for him and that she knows that no checks were ever issued for anything about the home except taxes. Both Mrs. Frantz and Miss Stevenson testified to Mr. Frantz's business activities.

He was a director in the Huntington National Bank, vice-chairman of the American Rolling Mill Company of Middletown, a director of the Buckeye Steel Casting Company, director of the Guarantee Title and Trust Company, director of the Columbia Transportation Company of Cleveland and president of the Battelle Memorial Institute.

According to Mrs. Frantz her husband had a serious sickness about twelve years previous, but after his recovery attended to his various interests, going to his office regularly. He had other slight sicknesses of short duration. At the time of his death he was seventy-four years of age. In 1935 he had a stroke of paralysis which made it difficult for him to walk. He was very sensitive to his affliction and remained at home thereafter a great deal rather than permit himself to be seen in his then condition.

According to the written opinion of the Probate Court the will heretofore referred to under Item II in part reads as follows:

"If my wife, Jessie G. Frantz, shall survive me I give, devise and bequeath to her the following real and personal estate to wit, to be hers absolutely;" (then follows the description of the residence property); "and the entire household furniture, etc., together with automobiles and other contents of the garage;" (then follows this clause:) "in the event my said wife shall not survive, I give the real estate and personal property described in this Item II to my daughter, Gretchen Runkle, to be hers absolutely."

The trial court based its conclusions entirely upon the case of *Tax Commission* v. *Parker,* 117 Ohio St., 215, 158 N. E., 89, and the provisions of the General Code relative to inheritance tax, particularly to paragraph 5 of Section 5331 wherein "contemplation of death" is defined.

Counsel for the Tax Commission rely upon the same authorities. The case of *Tax Commission* v. *Parker, supra,* is to be distinguished on its facts; in the reported case the gift was made within two years preceding the death of the donor and therefore under Section 5332-2, General Code, a presumption arose that the gift was made in contemplation of death. In the instant case no such presumption arises. The burden rests on the taxing authorities to establish by a preponderance of the evidence that the deed of gift was made in "contemplation of death."

Keeping in mind that the gifts were made within the two years preceding the death of the donor and the attending presumption arising therefrom, all other evidence presented as shown by the statement in the opinion supports the claim of the taxing authorities that the donor was making a systematic distribution of his estate "in contemplation of death."

Contrast the instant case where the presumption is against the theory of taxable gift, with the taxing authorities presenting no evidence whatever and nothing being drawn out from the cross-examination of the witnesses for the exceptors tending to overcome the inference of a non-taxable gift. Nothing remains unless the fact that Mr. Frantz previously had made a will in which he had bequeathed the home property to his wife providing she survived him is sufficient to raise a presumption that the gift was in contemplation of death.

As we interpret appellee's brief, it does base its factual claims on donor having previously executed the

will and the attending facts as to age and condition of health.

We do not think it proper to say the mere fact that a donor had previously made a will in which a part of the same property is given to the same donee, precludes the donor from thereafter making a gift of such property with a motive other than in "anticipation of death." Paragraph 5 of Section 5331 defining "contemplation of death" should not be given such an interpretation. No doubt the Legislature used this language in its definition of "in contemplation of death" because even the lay.mind would readily understand the attitude of mind of the individual when he executes a will. The outstanding thought is to make distribution of his property to take effect after his death. He selects the individuals whom he thinks worthy of his bounty, whether they be relatives, friends, or both.

We can see no reason why a person who has once made a will may not afterwards make a gift of the same property to the same person without necessarily being bound by legislative fiat that such gift was in "contemplation of death."

Intention or attitude of mind as a factual question may not be determined by legislative enactment.

A federal law which provided that a gift made within a fixed time raised a conclusive presumption that it was made in contemplation of death was declared unconstitutional for the above reason. We can see no reason why a donor may not make a gift as an act of generosity or kindness just as effectively, whether he had or had not previously executed a will containing substantially the same provisions relative to the donee. Many reasons may arise other than contemplation of death which actuate the desire on the part of the donor to make the gift with immediate possession.

Such desire can just as easily be present where the donor has executed a previous will as in instances where he has not. It is only in instances where such

act is shown to be in contemplation of death or for the purpose of avoiding the inheritance tax that the property so transferred is subject to the succession tax. We do not mean to say that the provisions of a previously executed will may not be considered in evidence. Most assuredly it should be, and when taken into consideration with all other surrounding facts may be strongly supportive of the claim that the donor's gift was in contemplation of death.

Very rarely, if at all, will the provisions of the will standing alone be sufficient to establish by a preponderance of the evidence that a gift was made in contemplation of death.

Attention should be called to the further fact that in the instant case the deed of gift made by Mr. Frantz to Mrs. Frantz was an extremely small portion of his entire estate and likewise was very small as compared with the total bequest made to Mrs. Frantz in the will. In fact the real estate transferred by the deed of gift was admittedly of the value of $44,000 and this is only about 5% of the total net value of the estate.

If Mr. Frantz had in mind as contended by the Tax Commission a partial distribution of his estate in contemplation of death, why would he select such a small proportion? The answer to this query is obvious.

We have examined a number of Ohio cases and a greater number from other jurisdictions all of which under varying facts made findings against the imposition of the tax.

It is impossible to set forth a formula that will control in all cases for the reason that it will be found impossible to find two cases identical in their facts.

The surrounding circumstances in each case have much to do with the final determination. Whenever we are dealing with motive, intent, or attitude of mind of a deceased person the determination of such elements permits a very wide scope of inquiry. The

pertinent Ohio cases examined are the following: *In Matter of Estate of Bender,* 60 Ohio App., 107, 19 N. E. (2d), 781; *Burton, Exr.,* v. *Tax Commission of Ohio,* 37 Ohio App., 183, 174 N. E., 361; *Tax Commission of Ohio* v. *Lamson, Exr.,* 43 Ohio App., 510, 183 N. E., 793 (motion to certify overruled January 11, 1933); *In re Estate of Donnell,* 28 N. P. (N. S.), 211.

The *Donnell case* is very interesting for the reason that it cites decisions of courts of last resort in many jurisdictions other than Ohio, and from the further fact that the decision was affirmed by the Court of Appeals without report and a motion to certify was over-ruled by the Supreme Court.

We are constrained to the view that the finding and judgment of the trial court in sustaining its prior determination of the succession tax which included the value of the homestead of $44,000 was against the manifest weight of the evidence.

A second question presented relates to the method of determination of the succession tax. This question requires a construction of Section 5335, General Code, as to the method of computation. The pertinent part of this section reads as follows:

"The rates at which such tax is levied shall be as follows:

"1. On successions passing to any person mentioned in the first and second sub-paragraphs of the preceding section:

"One per centum on such portion of the value of the property transferred up to and including the first $25,000 as shall be in excess of the exemptions therein provided;

"Two per centum on such portion of the value of the property transferred up to and including $100,000 as is in excess of $25,000;

"Three per centum on such portion of the value of the property transferred up to and including $200,000 as is in excess of $100,000;

"Four per centum on such portion of the value of the property transferred as is in excess of $200,000."

It is the claim of counsel for appellants that the $5,000 exemption provided for in Section 5334, General Code, should be first deducted from the total distributive share coming to the widow, and thereafter the tax computed as follows: 1% on $25,000, 2% on $75,000, 3% on $100,000 and 4% on the remainder.

It is urged by counsel for the appellee and such was the ruling of the trial court that the $5,000 exemption is deducted from the $25,000 mentioned in the first bracket and thereby the 1% calculated on $20,000.

It is our judgment that the plain language of the section will admit but one construction and that the trial court was correct in its method of calculation.

This assignment of error will be overruled.

The cause will be remanded to the Probate Court for rehearing and redetermination relative to the $44,000 real estate value included in the total amount for calculation of succession tax. In all other particulars the judgment of the trial court will be affirmed.

Costs will be adjudged against the appellee.

*Judgment accordingly.*

HORNBECK, P. J., and GEIGER, J., concur.