**BRENHOLTS, ESTATE OF, In Re**

**BRENHOLTS v EVATT**

Ohio Appeals, 2nd Dist, Franklin Co

No 3215.  Decided Nov 6, 1940

## 422

John H. Summers, Columbus, for plaintiffs-appellants.

Thomas J. Herbert, Atty. General, Columbus; Perry L. Graham, Asst. Atty. General. Columbus; W. H. Martin, Jr., Asst. Atty. General, Columbus, and D. H. Larrimer, Columbus, for Department of Taxation.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of appellants' appeal on questions of law from the judgment of the Probate Court of Franklin County, Ohio.

Alfred Brenholts, of Columbus, Franklin County, Ohio, died testate in the early spring of 1939, leaving an estate of approximately $250,000.00. Under the provisions of his will he gave to his wife, Clara A. Brenholts, their residence property located at 93 Woodland Avenue, and directed that this bequest should be in full of all dower and distributive interest in his real and personal property, including year's support and any and all other rights, interests and claims which said widow might have in and against his estate. This clause of the will contained the recital that the testator had from time to time made gifts and advancements of personal property and real estate to his wife, and had made further substantial provision for her in a deed of trust under date of December 30, 1933, in which provision had been made for the distribution of the net income from real estate known as No. 12-14-16 North High Street, in the City of Columbus,

and the further recital that for the foregoing reasons the provision made for the wife in Item IV of the will is in full of all itnerests in decedent's estate.

Reference was made to the fact that provision had been made for decedent's sister under the deed of trust, and therefore no further bequest was made to her under the will.

Special bequests were made to the decedent's four surviving grandchildren; also certain bequests were made to designated eleomosynary or charitable institutions

The residuum of his estate was bequeathed to his son and only child, Roy Brenholts.

The succession taxes were determined by the Probate Court on all property distributed under the will, and the same were paid by the executor, Roy Brenholts.

At a later date, a question arose as to the taxability of some certain property transferred to Roy Brenholts, Trustee, the son, in December, 1933, under a trust agreement and trust deed executed by the decedent, Alfred Brenholts, and also a gift made by the decedent in December, 1936, to his son, Roy Brenholts, of stocks and securities of the value of $56,962.50. The Probate Court held that the gift of stocks of the value of $56,962.50 aforesaid, was not made as a distribution of donor's estate, and therefore not made in contemplation of death and not taxable. We need give no further consideration to this item, since the taxing authorities are not prosecuting error.

Relative to the property transferred in trust, and of the value of $153,320.00, the Probate Court held that such transfer was in furtherance of a testamentary plan and was particularly a partial distribution of his estate prior to death within the definition of the succession tax statutes.

From the order and judgment of the Probate Court, error is prosecuted to this Court.

Counsel for the respective parties have presented very able and comprehensive briefs.

The evidence consists of two witnesses called by the exceptors, one being the executor, Roy Brenholts, and the other Dr. S. A. Hatfield, who was the attending physician of Mr. Brenholts during several years of his life up to and including the year of 1936. There were presented in evidence as exhibits, the last will and testament of the decedent, the trust agreement and trust deed and one other exhibit.

The Taxation Department, represented by the Attorney General's office, called no witnesses, although present and participating in the hearing. Their activity was confined to the cross-examination of the exceptors' witnesses and by stipulation concurring in the presentation in evidence of the several exhibits.

There are three dates which are very important and necessary to keep in mind in the determination of this cause:

1. The date of the trust agreement and trust deed, being December 30, 1933.

2. The date of the execution of testator's will, being December 9, 1936.

3. The date of testator's death being March, 1939.

The legislative enactments providing for and relating to inheritance tax will be found in §§5331 GC, et seq. We make reference to the applicable provisions of the pertinent Sections under the facts in the instant case.

"Sec. 5332. Property on which tax levied. A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:

\* \* \*

3. When the succession is to property from a resident, \* \* \* by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property: (a) In contemplation of the death of the grantor, vendor, assignor or donor."

"Sec. 5332-2. Transfer of property to avoid tax. Any transfer of property from a resident or of property within this state from a non-resident, if shown to have been made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property, if so made within two years prior to the death of the transferor, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

Sec. 5331, ¶5 defines contemplation of death, as "that expectation of death which actuates the mind of a person on the execution of his will".

The sole and only question for our determination is a factual one as to whether or not under the undisputed facts in the record Alfred Brenholtz in December, 1933, executed his trust agreement and deed in expectation of death.

It is conceded that the property transferred under the deed of trust was a gift pure and simple and not founded on any valuable consideration. The evidence supports the conclusion that the donor so considered it and paid the gift tax thereon. Had the donor of the trust died within two years following the execution of the trust instruments, a presumption would have arisen that such gifts were made in contemplation of death, and the burden would have rested upon the donees to establish by a preponderance of the evidence that the gifts were not so made. **Tax Commission of Ohio v Parker et, 117 Oh St 215.**

It is inferable from the language of the syllabus and opinion in the above-cited case that where two years or more have elapsed, then the burden is upon the taxing authorities to establish by a preponderance of the evidence that the transfer of property was made in contemplation of death.

Our court directly so held in the case of **In re Estate of Frantz, 62 Oh Ap 271.**

For the same pronouncement also see the case of **In the Matter of the Es-**

tate. of Bender, 60 Oh Ap 107, Syllabus 2.

Counsel for the Tax Commission argue that the record · adequately supports the finding and judgment to the requisite degree of proof. Specific attention is called to a clause in the trust agreement which reads as follows:

"Inheritance Tax. Any inheritance, succession or estate taxes that may be levied or assessed by reason of any gifts of principal or income hereunder shall be paid by the trustee out of the principal of the trust estate."

We are unable to conclude that any particular significance may be given to this clause. It is nothing more than a pronouncement by the donor that he desires the donees to have the full benefit of the provisions under the trust interest, and any charges in the way of taxes are to be taken from the trust corpus.

In addition the claim is made that the provision of testator's will wherein he makes reference to provisions made for the widow under the trust agreement, is indicative that the donor was making a partial distribution of his estate at the time he executed his trust agreement and trust deed.

We do not think that such inference can properly arise. We think the reasonable inference to arise from the language used in the testator's will in referring to the trust agreement and deed was to make explanation why he was not making a more adequate provision for his widow. It is not unusual, in fact it is the custom, for testators where through the will certain children are given less than others to make explanation that gift or advancement had been made to such child. This very situation is referred to in the case of In re Bender's Estate, 60 Oh Ap 107, Syllabus 1. In this case it points out that reference in the will to previous advancements and direction for deduction is not a proof in any degree that the advancements were made in contemplation of death.

Another interesting case where the matter of advancements is referred to is that of United States v Wells, 283 U. S. 101.

Counsel for the Tax Commission also urge that their cross-examination of exceptors' witnesses presented evidence supporting the finding and judgment.

We find nothing in the direct or cross-examination that either directly or inferentially leads to the conclusion that Alfred Brenholtz when he executed his trust instruments, was acting in contemplation of death.

We agree with Judge Brewer of the Probate Court of Cuyahoga County wherein he states in the case of In re Estate of Frank M. Spitz, deceased, 16 OO 239, that it is exceedingly difficult to prove that property has been transferred in contemplation of death.

Where a gift and transfer have been made within two years preceding the death of the donor, it is likewise difficult to overcome the presumption that arises under the law that the gift was made in contemplation of death.

The mere fact of difficulty of proof cannot alter the rule as to where the burden lies to establish a contention by · preponderance of the evidence.

The trust agreement introduced in evidence in the instant case is very lengthy, comprising more than six and a half pages of closely typewritten matter. It can serve no useful ·purpose to copy this instrument in this opinion or to make any extended reference thereto. Suffice it to say that when the instrument was executed Alfred Brenholts was seventy-one years of age and so far as is known, in good health. The property transferred under the trust instrument was exclusively real estate, located at 14-16 North High Street, Columbus, Ohio, and of the value of more than $150,000.00. Mr. Brenholts had owned it since 1919. It was exclusively a building used for renting to numerous tenants. Mr. Alfred Brenholts' only child was a son who was engaged in the real estate business and prior to the execution of the trust instrument he gave detailed attention to this particular piece of real estate.

Mr. Brenholts had other real estate, included in which was a farm that he was operating more or less as a hobby, giving particular attention to growing and grafting trees. The son, Roy Brenholts, by reason of matrimonial troubles had been very heavily in debt. In 1936 Roy Brenholts settled all his difficulties with his wife for the sum of $56,000.00, and his father furnished the money so to do. The son Roy received nothing under the trust indenture except a 5% compensation for administering it. The beneficiaries were first the wife of the donor, who was to receive liberal allowances in such amount as the trustee saw fit and so long as she lived, to take care of her household and any and all other expenses.

Secondly, a sister of Mr. Brenholts was to receive $100.00 per month so long as she lived. Mr. Brenholts had been making contribution in this amount for quite a while before the execution of the trust indenture.

Next, the four grandchildren of the decedent, all being children of Roy Brenholts, were to receive such a sum or sums as the trustee deems necessary to assist in their care, maintenance, and comfort. There were further directions that the contributions should be liberal in case of sickness, accident, operation, or other unforseen emergencies. The trust was to continue as long as the wife of Alfred Benholts lived, but in no event to terminate before the year 1950.

At the termination of the trust the corpus or the proceeds thereof was to be divided equally among the four children of the son Roy, with provision for its continuation in the event of the minority of said children.

It is obvious that all gifts are not subject to succession tax. It is only in the event that where distribution is made in contemplation of death that succession. tax attaches. The following observation made by Chief Justice Hughes of the United States Supreme Court in the case of United States v Wells, 283 U. S. 102, is enlightening:

"It is the thought of death, as a controlling motive prompting the disposition of the property, that affords a test; and it follows that the statute does not embrace gifts inter vivos which spring from a different motive."

We also quote from the case of Heiner v Donnan, 285 U. S. 312:

"A transfer. not so made, (in contemplation of death) embodies a transaction begun and completed wholly by and between the living, taxable as a gift, but obviously not subject to any form of death duty, since it bears no relation whatever to death. The generating source of such a gift is to be found in the facts of life and not in the circumstances of death. And the death afterward of the donor in no way changes the situation; that is to say, the death does not result in a shifting, or in the completion of a shifting, to the donee of any economic benefit of property, which is subject to a death tax; nor does the death in such case bring into being, or ripen for the donee or anyone else, so far as the gift is concerned, any property right or interest which can be the subject of any form of death tax."

A pertinent observation is also made by Chief Justice Hughes in the Wells case, as follows:

"It is common knowledge that a frequent inducement is, not only the desire to be relieved of responsibilities, but to have children, or others who may be the appropriate objects of the donor's bounty, independently established with competencies of their own, without being compelled to await the death of the donor, and without particular consideration of that event. There may be a desire to recognize special needs or exigencies or to discharge moral obligations. The gratification of such desire may be a more compelling motive than any thought of death."

Many motives prompt a donor in making gifts. It frequently is an act

of generosity, for the purpose of relieving need or conferring a favor or the expression of appreciation rather than a purpose on the part of the donor to distribute or partially distribute his estate.

. We also refer to the following observation made in the case of Delaware Trust Company v Handy, 53 Federal. 2d; 1042:

. "Applying the rule of the Supreme Court (Wells and Heiner cases) I conclude that the transfers in question were not made in contemplation of death. The record demonstrates clearly that decedent's motive in setting up the trust to his son and daughter was to place them on a footing of financial independence and relieve himself of the task of regularly drawing and delivering checks to them. The dominant and controlling motive for the transfer would animate a man who contemplated a continuance of life and who did not contemplate death."

We also refer to the case of Becker v St. Louis Union Trust Company, 296, U. S 48.

· Considering the record in the light of the authorities, we are unable to conclude that the undisputed evidence presents preponderating proof in support of the claimed succession tax. Two Ohio cases to which we have referred, being 117 Oh St 215, and 16 OO 239, both held that the gifts were subject to succession taxes, but in both cases the donor died before the expiration of two years and hence the presumption of law fixed by the pertinent section of the Code attached. In the other two Ohio cases the donor did not die within the two-year period, and, therefore, the burden was upon the taxing authorities to prove by a preponderance of the evidence that the gifts were made in contemplation of death. In these two cases the holding was against the assessment of the tax.

We conclude that the judgment should be reversed and final judgment entered in favor of the exceptors. Entry may be drawn accordingly.

Exceptions will be allowed to appellees.

HORNBECK, PJ., GEIGER, J., concur.