**KILGOUR, Estate of, In re: DEPARTMENT OF TAXATION, Appellant, v. TOLBERT, Extrx., et, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4521. Decided February 13, 1951.

**408**

Herbert S. Duffy, Atty. Genl., C. William O'Neill, Atty. Genl., Robert E. Younger, James M. Burtch, Jr., Asst. Attys. Genl., Columbus, for appellant.

Noel L. Greenlee, Allen I. Pretzman, Columbus, for appellees.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Probate Court sustaining exceptions to its former order assessing inheritance tax upon transfers of certain property of Lyman B. Kilgour to the appellees herein.

The transfers were made on January 6, 1947. Lyman B. Kilgour died on July 31, 1948. His estate aggregated $274,610.29. At the time of the transfers Lyman B. Kilgour owned 498 shares of common, no-par stock of the B. & T. Metals Company, Columbus, Ohio. The transfers were:

| | | |
|---|---|---|
| 50 shares to Mabel Kilgour, wife | $55,250.00 |
| 50 shares to Virginia Tolbert, daughter | 55,250.00 |
| 50 shares to Sarah Elizabeth Fox, daughter | 55,250.00 |
| 50 shares to L. Tolbert, son-in-law | 55,250.00 |
| 25 shares to Anita Fox, granddaughter | 27,625.00 |
| 25 shares to Joseph Fox, grandson | 27,625.00 |

The transfer of the stock having been made within two years of the date of the death of decedent without valuable consideration must be deemed to have been made in contemplation of death within the meaning of §5332 et seq GC, unless shown to the contrary. This burden is upon the appellees in this case and was so recognized by the Probate Judge. **Tax Commission v. Parker, 117 Oh St 215, 158 N. E. 89; Burton v. Tax Commission, 37 Oh Ap 183, 174 N. E. 361.** The presumption attending by reason of §5332-2 GC that the transfers were made in the contemplation of death is rebuttable. **Tax Commission v. Lamson, 43 Oh Ap 510, 183 N. E. 793.**

Appellant, in its brief, succinctly presents the question for determination in this Court, viz., whether the exceptors sustain the burden of proof cast upon them by the provisions of §5332-2 GC. The facts developed in the hearing on the exceptions are not in dispute. Appellants urge that upon these undisputed facts the Probate Court arrived at an

erroneous legal conclusion. The trial judge reached the conclusion that the transfers were not intended as a distribution of a part of Mr. Kilgour's estate; that they were not made in contemplation of death. In thus concluding the issue, determination was made that the appellees upon the facts had met and overcome the presumption arising by reason of §5332-2 GC.

Counsel have briefed this case capably and at length and have cited most of the adjudications construing the inheritance tax section of the Code. Upon the factual development in the record, we see no new or different principle of law involved. The Probate Judge acted with full appreciation of the law controlling his judgment. The case required determination of inferences to be drawn from the facts and, in our opinion, the only question for determination here is whether the judgment of the Probate Court is against the manifest weight of the evidence.

Upon the issue whether Mr. Kilgour in making the transfers acted in contemplation of death, the Probate Judge was well within his rights in finding that such a state of mind did not actuate the gifts. When the transfers were made Mr. Kilgour was not quite fifty-nine years of age, active, vigorous, a hard worker, and interested in life and his business and intent on plans for his future. There is nothing in the record tending to prove that at the time of the transfers he had any intimation that he might soon die. No doctor or other witness says that he was afflicted with any observable sickness until months after the transfers of the stock. He had not been under the care of a doctor for years prior to July, 1947. His attending physician testified that the cancer from which he eventually died probably formed some three months before July or August, 1947, when he had the first symptoms, and rapidly developed thereafter. There is nothing to refute this evidence although if claimed to be incorrect, the cause of death having been fixed, it could have been denied by expert testimony. Decedent made no will until just before leaving for a surgical operation in Cleveland in January, 1948. Decedent gave no intimation that he believed he would die until about one week before his death.

The record discloses cogent reasons tending to show that the transfers were not intended as a distribution of Mr. Kilgour's estate. It is true that some, but not all, of the transferees were the natural objects of Mr. Kilgour's bounty. This, in itself, is not unusual and though probative, in our judgment, would not be conclusive of an intended distribution of estate. Some of the transferees were known by Mr Kilgour

410

to be in immediate need of financial aid. He was fond of his son-in-law, one of the transferees, and ambitious for his success. There were conditions indicating that the gifts were motivated by kindness or as gratuities.

Probably the principal reason moving Mr. Kilgour to make the gifts was the impending Federal Income Tax liability which he would be required to meet if he retained the stock upon which he knew a large dividend was to be declared. The reaction of the donor in making the gifts in the situation presented was normal and more consistent with an anticipation of continued living and the incidents thereof than contemplation of death.

We have before us the written opinion of Judge McClelland wherein he sets out fully the facts, draws conclusions therefrom and discusses **Tax Commission v. Parker, 117 Oh St 215,** and **Tax Commission v. Robinson, 145 Oh St 55** and decides the issue in favor of appellees. Inasmuch as we are in agreement with Judge McClelland in his determination as to the exceptions, it would serve no good purpose to extend this opinion.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.