## IN RE ESTATE OF CREWS.[*]

(No. 2477—Decided November 5, 1958.)

Mr. *Clinton S. Courson*, for appellant.

Mr. *William Saxbe*, attorney general, and Mr. *S. Noel Melvin*, for appellee.

[*]Motion to certify the record overruled, June 3, 1959. Appeal dismissed, 169 Ohio St., 358.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Probate Court of Montgomery County overruling exceptions filed by appellant to the court's determination of the Ohio inheritance or succession tax.

The record shows that Marion P. Crews died testate on June 24, 1956, survived by his widow, Edith H. Crews, and two children. The total taxable value of the succession to Edith H. Crews was $27,899.02.

The section of the Code which provides for levying the tax is Section 5731.02, Revised Code, the last paragraph of which provides as follows:

"Such tax shall be upon the excess of the actual market value of such property over the exemptions made and at the rates prescribed in Sections 5731.01 to 5731.56, inclusive, of the Revised Code."

The exemption provisions are found in Section 5731.09, Revised Code, which in part provides that "(A) When the property passes to or for the use of the wife or a child of the decedent who is a minor at the death of the decedent, the exemption is five thousand dollars."

The rates of the tax are found in Section 5731.12, Revised Code. At the time of the death of the testator the applicable portion of this section provided:

"The rates of the tax levied by Section 5731.02 of the Revised Code shall be as follows:

"(A) On successions passing to any person included in divisions (A) and (B) of Section 5731.09 of the Revised Code:

"(1) One per cent of the value of the property transferred up to and including the first twenty-five thousand dollars in excess of the exemptions provided by such section;

"(2) Two per cent of the value of the property transferred up to and including one hundred thousand dollars in excess of twenty-five thousand dollars."

The above-quoted provision is the language used by the compilers of the Revised Code, enacted by the 100th General Assembly (125 Ohio Laws, 7), effective October 1, 1953. Prior to the Code revision this section, then being Section 5335, General Code, in part provided as follows:

"The rates at which such tax is levied shall be as follows:

"1. On successions passing to any person mentioned in the first and second sub-paragraphs of the preceding section [G. C. Sec. 5334]:

"One per centum *on such portion* of the value of the property transferred up to and including the first twenty-five thousand dollars *as shall be* in excess of the exemptions therein provided;

"Two per centum *on such portion* of the value of the property transferred up to and including one hundred thousand dollars *as is* in excess of twenty-five thousand dollars;" (Emphasis ours).

The italicized words in the above quotation were omitted at the time the Revised Code was enacted. If we were to consider the language used in these two sections alone, it could be urged that a different method of computation should be used in determining the amount of the tax under the later enactment. But the Legislature very wisely enacted Section 1.24, Revised Code, as a savings clause, and as a part of the codification of the Code, which provides as follows:

"That in enacting this act it is the intent of the General Assembly not to change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions, and not as new enactments."

The provisions of this section cannot be ignored. We cannot conclude that this section shall be given effect respecting certain sections of the Code and no effect respecting other sections. We must give effect to the provisions of this section in interpreting Section 5731.12, Revised Code, and, in giving effect thereto, we conclude that Section 5731.12, Revised Code, when enacted as part of the Revised Code, effective October 1, 1953, should be given the same interpretation as the previous corresponding section (Section 5335, General Code). Thus, the same computation is required to be used in determining the tax under Section 5731.12, Revised Code, as was used under Section 5335, General Code.

This court determined the correct method of computation under Section 5335, General Code, in the case of *In re Estate of Frantz* (1939), 62 Ohio App., 271, 23 N. E. (2d), 849. We quote from the court's opinion, beginning on page 279, as follows:

"A second question presented relates to the method of determination of the succession tax. This question requires a construction of Section 5335, General Code, as to the method of computation. The pertinent part of this section reads as follows:

" 'The rates at which such tax is levied shall be as follows:

" '1. On successions passing to any person mentioned in the first and second sub-paragraphs of the preceding section:

" 'One per centum on such portion of the value of the property transferred up to and including the first $25,000 as shall be in excess of the exemptions therein provided;

" 'Two per centum on such portion of the value of the property transferred up to and including $100,000 as is in excess of $25,000;

" 'Three per centum on such portion of the value of the property transferred up to and including $200,000 as is in excess of $100,000;

" 'Four per centum on such portion of the value of the property transferred as is in excess of $200,000.'

"It is the claim of counsel for appellants that the $5,000 exemption provided for in Section 5334, General Code, should be first deducted from the total distributive share coming to the widow, and thereafter the tax computed as follows: 1% on $25,000, 2% on $75,000, 3% on $100,000 and 4% on the remainder.

"It is urged by counsel for the appellee and such was the ruling of the trial court that the $5,000 exemption is deducted from the $25,000 mentioned in the first bracket and thereby the 1% calculated on $20,000.

"It is our judgment that the plain language of the section will admit but one construction and that the trial court was correct in its method of calculation.

"This assignment of error will be overruled."

In determining the tax in the instant case, the Probate Court used the same method of computation which was used in the *Frantz case*. The computation was as follows:

| | | |
|---|---|---|
| "Value of succession | | $27,899.02 |
| "First bracket | $25,000.00 | |
| "Exemption of widow | 5,000.00 | |
| | | |
| "1% of balance | $20,000.00 | 200.00 |
| | 25,000.00 | |
| | | |
| "2% of second bracket | $ 2,899.02 | 57.98 |

"Total tax due     $257.98"

The appellant contends that the correct computation is as follows:

| | |
|---|---|
| "Value of succession | $27,899.02 |
| "Widow's exemption | 5,000.00 |
| | |
| "1% of | $22,899.02    $228.99 |

"Total tax due     $228.99"

The appellant contends that Section 5731.12, Revised Code, is susceptible of this interpretation. But the codification of the Code did not operate as an amendment. It intended to preserve the existing law. The Legislature so expressed such intention in Section 1.24, Revised Code.

It is interesting to note that the ambiguity in Section 5731.12, Revised Code, has been removed by an amendment (effective August 30, 1957) which restores to this section the words omitted in the first bracket, at the time of the codification.

It is a well established rule of statutory construction that tax statutes are construed in favor of the taxpayer and against the state, but there is a corollary to the effect that exemption statutes are construed in favor of the state and against the taxpayer. *Lutheran Book Shop* v. *Bowers, Tax Commr.,* 164 Ohio St., 359, 362, 131 N. E. (2d), 219; *Goldman, a Taxpayer,* v. *Robert E. Bentley Post No. 50, American Legion,* 158 Ohio St., 205, 207, 107 N. E. (2d), 528; *Incorporated Trustees of the Gospel Worker Society* v. *Evatt, Tax Commr.,* 140 Ohio St., 185, 188, 42 N. E. (2d), 900; *In re Estate of Taylor,* 139 Ohio St., 417, 40 N. E. (2d), 936; 38 Ohio Jurisprudence, 852, Section 114; 28 American Jurisprudence, 31, Section 36. For an extensive annotation on the subject see 40 A. L. R. (2d), 630.

One other question deserves comment. Appellant contends that the succession tax statutes which confer on the Probate Courts both executive and judicial duties are unconstitutional in that the Probate Court first determines the tax ex parte; then, after exceptions are filed and a hearing had thereon, the court exercises judicial powers to review its former determination. It is also claimed by the appellant that the Legislature may not delegate administrative powers to the Probate Court. Section 5731.21, Revised Code, confers jurisdiction on the Probate Court to determine matters relative to inheritance tax. Section 5731.32, Revised Code, provides for the determination of the tax by the Probate Court and an order to be made upon the journal. In such ex parte matters the court exercises administrative functions. Section 5731.36, Revised Code, requires the executor or administrator to file with the Probate Court having jurisdiction an application to determine inheritance tax. Section 5731.38, Revised Code, provides for the filing of exceptions to the determination, and a hearing of such exceptions and notice thereof to parties in interest. This section provides that "upon the hearing of such exceptions, said court may make a just and proper order." In the hearing of such exceptions and in making a "just and proper order" the court exercises judicial powers. The order is a final order for purpose of appeal. Section 5731.40, Revised Code. In the exercise of its judicial powers under Section 5731.38, Revised Code, the Probate Court reviews its former action as an administrative officer in the determination of the tax in the first instance. The appellant contends that the Probate Court may not do so, and that any statute which confers such powers and authority on the Probate Court is unconstitutional. We do not agree. The right of any court to review the correctness or validity of a former order does not violate any constitutional provision. All courts possess and exercise the power to review their former orders. The Probate Court is unique in that it daily makes orders ex parte in many different proceedings, some of an administrative character and some judicial. Such orders may be later questioned, and in a proper proceeding a hearing will be had, evidence submitted, and an order or judgment rendered in which the court is required to pass on the former order. If a court has full

power and authority to pass on its former orders when it has acted judicially in the first instance, *a fortiori,* the Probate Court may review its former order when it has acted as an administrative officer in the first instance.

Appellant contends that the Legislature may not delegate to the Probate Court administrative powers. It is practically impossible to define distinctly the line of demarcation between the three separate departments of government—the executive, the legislative and the judicial. To some extent each department of government exercises powers of the other departments in the proper performance of its duty. See 1 Ohio Jurisprudence (2d), 421, Section 20. In 42 American Jurisprudence, 321, Section 29, the text is as follows:

"It is stated that administrative powers exist in each of the three departments of government, and that they are not among the powers separated by the Constitution into departments."

In Ohio, administrative law is recognized as a separate category of law. 1 Ohio Jurisprudence (2d), 410, Section 5. In *Ex Parte Bevan,* 126 Ohio St., 126, at page 135, 184 N. E., 393 (affirmed, 289 U. S., 459, 77 L. Ed., 1316, 53 S. Ct., 661), the court said:

"It would not be necessary to go beyond the confines of Ohio to find scores of instances wherein one branch of government has been invested with the powers of another. This departure had to be made as a matter of public exigency."

In *Stanton* v. *State Tax Commission,* 114 Ohio St., 658, 151 N. E., 760, the court, on page 663, said:

"It would seem that when the Constitution does not clearly define the separate powers, thereby leaving it to one or the other branch of the government to determine to which department certain powers shall belong, the legislative branch should be the one to make the final determination."

We find no constitutional objection to conferring on the Probate Court administrative powers relating to the determination of succession tax matters. It has been held that Section 8, Article IV of the Ohio Constitution, and Section 5340, General Code (now Section 5731.21, Revised Code), confer jurisdiction on the Probate Court to hear and determine all questions

relating to succession taxes. *Exrs. of Estate of Long* v. *State,* 21 Ohio App., 412, 153 N. E., 225, motion to certify overruled, June 22, 1926.

Also, appellant contends that the Probate Court Judge of Montgomery County was disqualified to determine the succession tax on the ground that a portion of the salary of the probate judge is for services rendered in succession tax matters. Appellant refers to Section 325.05, Revised Code, in support of her contention. We question whether this section, if applicable, would have disqualified the probate judge, inasmuch as that portion of the salary which was paid for services rendered in inheritance tax matters did not depend in any manner on the nature of the order made in such cases. However, the probate judge of Montgomery County does not receive any portion of his salary under Section 325.05, Revised Code, but receives his entire salary under Sections 141.04 and 141.05, Revised Code, effective October 2, 1953. Later amendments of these two sections affect judges whose terms of office began subsequent to the amendments. In the above-cited sections no reference is made to services rendered in inheritance tax matters. The contention of appellant may have been urged with some force prior to recent amendments, but it does not now obtain in light of recent statutory changes respecting the source of compensation of the probate judge.

We have disposed of the several important questions which are dispositive of the issues in this case. Other matters are discussed in appellant's brief concerning which we make no comment. We commend counsel for appellant for his extensive research and the most able manner in which he has briefed the questions involved.

We find no error in the record prejudicial to the rights of the appellant, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.