Marshall, C. J.
 

 These two causes are disposed of together. The same legal question is involved in each. The two controversies have no relation with each other.
 

 Cause No. 21821 comes to this court on error from the Court of Appeals of Belmont county. It originated in the court of common pleas of Belmont county, where issues were joined upon both fact and law. It was heard by the court of common pleas without the intervention of a jury, and upon submission the trial court dismissed the petition at plaintiff’s costs. There was no agreed statement of facts and no finding of fact. Error was prosecuted to the Court of Appeals, and that court reversed the judgment of the common pleas court, on the ground that “said judgment is manifestly against the evidence and against the law and is contrary to law.” The Court of Appeals then proceeded to render the judgment which the court of common pleas should have rendered and found in favor of the plaintiff in error, and entered judgment accordingly.
 

 
 *546
 
 In No. 21976, the cause originated in the court of common pleas of Trumbull county, where issues were joined upon both fact and law. The cause was tried to the court without the intervention of a jury, and the trial court dismissed the petition at plaintiffs ’ costs. There was no agreed statement of facts and no finding of fact. Thereupon error was prosecuted to the Court of Appeals, and that court likewise reversed the trial court upon the weight of the evidence and entered final judgment in favor of the plaintiffs in error.
 

 The sole question for determination in each of these cases relates to the power and the jurisdiction of the Court, of Appeals, in an error proceeding prosecuted from the court of common pleas, where no findings of fact have been made in the trial court and there is a conflict in the evidence upon the issues of fact, to reverse the judgment of the trial court, and in the same proceeding enter final judgment in favor of the plaintiff in error.
 

 In each of these cases we have examined the pleadings, and find that neither party was entitled to a judgment on the pleadings, and we have likewise examined the bill of exceptions in each case and find that material facts necessary to sustain the judgment were in issue between the parties. Ordinarily this court does not weigh the evidence in error proceedings, and this rule is universal in error proceedings where the issues are such as are to be determined in the court of common pleas by a preponderance of the evidence. In accordance with Rule XIX of this court, where a judgment of the common pleas court is reversed by the Court of Appeals on the ground that the judgment is not sustained by
 
 *547
 
 sufficient evidence, and a petition in error is filed in this court, a motion to affirm such judgment forthwith. will be entertained.
 

 In each of these cases the issues were determined in the common pleas court by a preponderance of the evidence. If the Courts of Appeals had reversed on the ground that they were not sustained by sufficient evidence, and had remanded the causes to the respective courts of common pleas for further proceedings, instead of entering final judgment in favor of the plaintiffs in error, the error proceedings would not have been entertained in this court.
 

 In each of these cases, one of the grounds of error urged in the Court of Appeals related to the weight of the evidence. That court had a right to weigh the evidence and reverse on that ground. The alleged insufficiency of the evidence was one of the grounds for new trial. By virtue of the Constitution, as well as the statutes,, the Court of Appeals by unanimous judgment might reverse on that ground. That was one of the legal questions properly presented to the Court of Appeals for its consideration and judgment. It becomes an issue of law in such case.
 

 Where issues of fact are determined by a jury, or by the trial court without the intervention of a jury, and one of the grounds for new trial relates to the weight of the evidence, and one of the assignments of error in the Court of Appeals also relates to the weight of the evidence, it brings the evidence in review in the Court of Appeals, but only to determine whether the trial court erred in overruling the motion for a new trial based upon the ground that the verdict or decision was not sustained by suf-
 

 
 *548
 
 ficient evidence. In sncli case it is the province of the Court of Appeals only to correct the error in overruling the motion for a new trial, and that court may not employ that assignment of error for the further purpose of determining the preponderance of the evidence and rendering final judgment thereon.
 

 In cases heard in the Court of Appeals on appeal from the common pleas court, the cause is heard
 
 de novo,
 
 the judgment of the trial court being vacated by the appeal, and the Court of Appeals must therefore render final judgment, even though its judgment be contrary to that of the trial court. In error proceedings, the Court of Appeals is not a fact-finding tribunal. Its sole province is to determine whether or not error intervened in the trial of the cause in the court of common pleas. Where the facts have been agreed upon, or where there is no conflict in the evidence, the Court of Appeals may apply the ruling principles of law to the uncontroverted facts, and, if application of the ruling principles requires a reversal of the judgment, and a final judgment in favor of the plaintiff in error, that procedure will be approved.
 

 Where the trial court weighs conflicting evidence and makes findings of fact, which findings are challenged in the error proceedings, the Court of Appeals may weigh the evidence to determine whether they are sufficiently sustained. If the facts found by the trial court are not challenged, or if affirmed by the Court of Appeals, that court may apply the ruling principles of law, and either affirm or reverse the judgment, and, in the event of reversal, may render final judgment.
 

 
 *549
 
 Where the Court of Appeals weighs conflicting evidence and decides that the findings of fact are not sustained by sufficient evidence, it may reverse the judgment and remand the cause to the trial court for further proceedings.
 

 Where the facts have not been agreed upon by the parties in the trial court, or have not been found by the trial court, or the evidence is in conflict, and a reversal is entered in the Court of Appeals on the weight of the evidence, the defendant in error is entitled to a remand to afford an opportunity for an amendment of the pleadings or the production of additional evidence, if any, to cure the defects in the record of the former trial.
 

 It is therefore the judgment of this court that the judgment of the Court of Appeals should be modified in this, to wit, that, as to the final judgment in each case, the same is reversed; as to the reversal of the judgment of the court of common pleas in each case, the judgment is affirmed, and the cause remanded to the court of common pleas for further proceedings.
 

 The conclusions we have reached in this matter are in accord with numerous previous decisions of this court.
 
 Stivers
 
 v.
 
 Borden,
 
 20 Ohio St., 232;
 
 Emery’s Sons
 
 v.
 
 Irving National Bank,
 
 25 Ohio St., 360, 18 Am. Rep., 299;
 
 Miller
 
 v.
 
 J. T. Sullivan & Co.,
 
 26 Ohio St., 639;
 
 Gay, Exrx.,
 
 v.
 
 Davey,
 
 47 Ohio St., 396, 25 N. E., 425;
 
 Gilson
 
 v.
 
 Carrel,
 
 79 Ohio St., 433, 87 N. E., 1136;
 
 Minnear
 
 v.
 
 Holloway,
 
 56 Ohio St., 148, 46 N. E., 636;
 
 Cavey, Admx.,
 
 v.
 
 Iliff,
 
 84 Ohio St., 456, 95 N. E., 1144;
 
 Hickman
 
 v.
 
 Ohio State Life Ins. Co.,
 
 92 Ohio St., 87, 110 N. E., 542;
 
 Stugard, Admr.,
 
 v.
 
 P., C., C. & St. L. Ry. Co.,
 
 92 Ohio St., 318, 110 N.
 
 *550
 
 E., 956;
 
 Russell, Admr.,
 
 v.
 
 Fourth National Bank,
 
 102 Ohio St., 248, 131 N. E., 726.
 

 Judgments affirmed in part, reversed in part, and the causes remaouled.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.