## BURTON v TAX COMMISSION

Ohio Appeals, 1st Dist, Hamilton Co
No 3573. Decided Feb 17, 1930

Peck, Shaffer & Williams, Cincinnati, for Burton.

W. H. Middleton, Jr., Nelson Schwab, John P. Goldsbury, all of Cincinnati, and Gilbert Bettman and Wm. J. Ford, both of Columbus, for Tax Comm.

ROSS, J.

It is the contention of the Tax Commission in view of these facts which are undisputed that the gifts were made by the donor in contemplation of death within the meaning of 5331, 5332, and 5332-2, GC.

Sec 5331 GC of Ohio, as fixed by syllabus 3 in the case of **Tax Commission v. Parker, et al, 117 Oh St, 215,** is:

"Contemplation of death means that expectation of death which actuates the mind of a person on the execution of his will."

The burden of proof under these sections rested upon the plaintiffs in error to show that the gifts were not made in contemplation of death, the Tax Commission being fortified with the presumption under the statutes in view of the fact that the gifts were made within two years previous to the death of the donor. It is further claimed by the Commission that the case of Tax Commission v. Parker, supra, is conclusive of the questions herein involved. The fourth paragraph of the syllabi of that case is:

"The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness."

It is urged that the transferees, being the close heirs at law of the donor, were **entitled** to her beneficence, and that her motives were not predicated upon "generosity and kindness", but must have been prompted solely by a desire to "partially distribute her estate".

The facts in the Parker case are wholly dissimilar to those in the instant case, and it is our opinion that the case at bar is an ideal case presenting facts conclusively rebutting the presumption that the gifts involved were made in contemplation of death. It is, of course, understood that "contemplation of death", as used in the statutes and decisions, does not mean an immediate expectancy or apprehension of demise. However, having such limit upon the meaning of the words in mind, expectancy of this certain eventuality, could not, in view of the admitted facts in this case, have been the proximate motive of the gifts. The disposition made by the donor was practically that which would have resulted from her intestacy. One of the factors which "actuates the mind of a person in the execution of his will", is to change or modify the course of intestate distribution. This factor was therefore absent from the donor's consideration. Her desire to do justice to the transferees, her appreciation of their disinheritnce through her husband's will, her knowledge of her own independent condition, her desire that her husband's estate should not be increased by the belated beneficence of her father-in-law, her immediate action in endorsing the certificates and dividend checks as soon as the opportunity offered, her fine state of helath, her sudden and unexpected death, her proposed activities, her declaration of an intention to give away the bequest as soon as she was advised that it would be given to her, are all in our opinion conclusive proof that no thought of testate distribution entered her mind at the time she made these gifts, and that she was prompted wholly by a desire to act merely as vehicle through which the securities should immediately pass to those to whom she believed in all justice and fairness they belonged.

It is patent also that while the donor apprehended that the title to her father-

in-law's bequest had, as a matter of law, vested in her, that as far as she was personally concerned, she did not consider this bequest as a part of her own estate. This attitude of mind is an answer to the contention of the Tax Commission that because a month after she made these gifts, she changed her will, that therefore both transactions, the making of the gifts and the execution of the will, constituted a continuing testate distribution of the donor's estate. In the former act, it is apparent that she believed she was disposing of property not her own. In the latter act, the changing of her will, she was performing a testate distribution of her own property.

There is no suggestion even on the part of the Commission that the donor intended to evade taxation, the admitted evidence being that she was wholly ignorant of the possibility of a tax upon the transferred property.

Considerable emphasis has been placed by the Commission on the fact that there was a "distribution" to several donees. We are of opinion that the fact that there were **several** persons whom the donor felt in justice should partake in the bequest of the father-in-law, is not persuasive that the transfer was testamentary, when it would not have been so had there been a single individual who was a recipient of the donor's gift.

We are of opinion, therefore, that the judgment of the court of common pleas must be reversed.

It would seem that the facts being undisputed that judgment should be here rendered for the plaintiffs in error, especially as the trial court in its journal entry found that the gifts had not been made in contemplation of death. If this statement had been incorporated in a separate finding of fact by the trial court, we could hold his final judgment erroneous, as being contrary to law.

Sec 5332-2 GC, in effect establishes a rebuttable presumption where the gift is made within two years of death, that it was made in contemplation of death "unless shown to the contrary". The evidence of the plaintiffs in error was introduced to rebut this presumption. We hold that it completely does so. This is an expression by this Court of its opinion upon the weight of the evidence, and, under the recent decision of **Bridgeport Bank Co. v. Shadyside Coal Co., 121 Oh St, 544,** (Ohio Bar March 18, 1930),

this Court is limited to a reversal. The cause will be remanded to the Court of Common Pleas of Hamilton County for a new trial.

Cushing, PJ, and Hamilton, J, concur.