## MYERS v HAWN et

Ohio Appeals, 2nd Dist, Miami Co

No 303. Decided May 19, 1933

Kerr, Kerr & Kerr, Troy, for plaintiff in error.

W. A. Haines, Troy, for defendants in error.

**OPINION**

By BARNES, J.

Of course, this waives any question of error. The second is in the evidence of Judge St. John at page 30 of the record, and after objection overruling and exception there appears no answer.

We find the record free from any prejudicial error in the introduction or rejection of evidence.

The remaining claimed grounds of error may properly be joined in this one. question: Is the finding and judgment against the manifest weight of the evidence and contrary to law?

Reviewing courts are reluctant to reverse on the weight of the evidence for very obvious reasons.

This court and each member thereof has spent much time in familiarizing themselves with the evidence as presented in the record. The trial court was of the opinion that the plaintiff had not proven by a preponderance of the evidence his ownership of the account sued upon. This conclusion was arrived at for two reasons as expressed in the opinion. First—That the schedule of claims that were sold to William M. Myers by the receiver does not cover any claim like the one set out in plaintiff's petition or that can be identified as such. Second—That the claim was not included in the receiver's sale and announcement was so made at time of sale.

Taking up these two propositions in order, we are unable to follow the reasoning of the trial court.

**FIRST**

Attention is called to the amended answer of the defendants in which it is admitted "that the items mentioned in said account were for material and labor."

The only portion of plaintiff's petition to which the admission could refer is the second paragraph reading as follows:

"Plaintiff says that all of said account is for labor performed and material and automobile parts furnished said defendants by The Hawn-Myers Company at the special instance and request of said defendants."

By stipulation and agreement the original papers in case No. 24757, Common Pleas Court of Miami County were admitted in evidence as Ex. "1." In this file, No. 24757, appears the application of Judge L. E. St. John, receiver of the Hawn-Myers Motor Company to sell desperate claims. Attached to the application as Exhibit "A" follows a three page typewritten list of such claims. The list of accounts sets out names and totals only.

The pertinent part of this list is as follows:

"ACCOUNTS                 PIQUA LEDGER
City Garage (A. M. Hawn)        $731.73
Hawn Motor Sales               $219.05."

John Curtis, a former bookkeeper for The Hawn-Myers Motor Company at Piqua, Ohio and afterwards doing similar service for the receiver was called as a witness by the plaintiff and identified the Book of Accounts of the Company (See Exhibit "5"). The pages in the Book of Accounts containing the itemized statements of charges against "City Garage", "A. M.

Hawn" and "Hawn Motor Sales" and the balances are identical with the amounts listed in the receiver's application for sale of desperate claims. The witness, Curtis, further explains the deductions in the ledger account by which the amount sued for by plaintiff is reconciled with the book of accounts.

The charge slips (106 in number) from which the ledger account is made up are identified and introduced as Ex. "6".

The itemized statements of account set out in plaintiff's petition are identical with the charge slips and the entries in the ledger. Neither the defendants or any witness presented by them questioned the identity of the account sued upon. Of course, defendant, Martin, denies any knowledge of or connection with the transactions but defendant, Hawn, makes no such denials.

The evidence is uncontradictory that defendant Hawn at one time conducted a business at Pleasant Hill under the trade name of "City Garage." The change in the name of the account was to avoid confusion on another customer's account having a similar trade name.

Defendant, Hawn, in his original answer admitted that he was the owner of the Hawn Motor Sales business. On this question of identity of account, we think the evidence is ample and uncontroverted.

### SECOND

The next question for determination is: Was the claim sued upon included in the receiver's sale or was it withdrawn? We have already identified the items in the application of the receiver to sell, as being the same account sued upon by the plaintiff. The entry granting the order of sale contained the following express direction:

"It is ordered that said receiver be and he hereby is authorized to proceed to advertise and sell the **claims set out in said application** at public auction at the south door of the Court House to the highest cash bidder **for all of said claims.** Notice of such sale shall be given for three (3) consecutive weeks in a newspaper of general circulation in said county. It is ordered that said advertisement omit detailed list and that the same be detailed at the time of the sale to the prospective bidders by verbal statement."

The black face is ours.

The advertisement as shown by the proof of publication omitted the detailed list as authorized under the order of the court.

The report of the sale by the receiver states that he sold "all the said notes and accounts **heretofore listed** to Will Myers for one thousand dollars, that being the highest bid received therefor." Black face ours.

The report further states that the list of notes and accounts were modified by additional credits on notes No. 28, 32 and 46 and a list of Pleasant Hill accounts added for the sale. No reference is made to any other modification or withdrawal of any accounts from the sale.

Thereafter on application of the receiver and A. M. Hawn the court confirmed the sale and ordered the receiver to turn over and deliver to William Myers all of the notes and accounts so sold.

So far as the record of this case shows the orders and judgments in the matter of the sale of said desperate claims remain unreversed and unmodified.

The defendants make the claim that the receiver withdrew the accounts sued upon from the sale and therefore the plaintiff is not the owner of same. This contention is supported by the evidence of the defendant A. W. Hawn and the receiver, Judge L. E. St. John.

The plaintiff and his brother Charles Myers testify to the contrary.

If the question turned on the weight of this oral testimony we would not question the finding although the fact that the plaintiff apparently had in his possession the 106 charge slips might make it difficult.

There may be an explanation but under the state of the record we would be forced to inquire as to how the plaintiff could have possession of these charge slips and introduce them in evidence if they were not turned over to him after the sale.

However, we do not think the record of the proceedings to sell and sale of the desperate claims including the accounts sued upon may be impeached in this action. The receiver sought and obtained the order to sell and made report of sale. The black face portion of order and report as shown above clearly indicates that the accounts now in question were included.

Both the receiver and the defendant Hawn sought and obtained an affirmance of the receiver's report of such sale. It is contrary to all sense of justice to permit parties instrumental in procuring a court order to afterwards question its correctness in another action where rights are claimed under it. We think the court was in error in not making a finding against the defendant, A. Mack Hawn.

The question remains as to the state of

the record as it relates to the defendant, John K. Martin.

The action is against the defendants individually and not against the partnership. The praecipe for and the summons was to the defendants individually. The alleged partnership was not served.

"Where defendants are two or more persons giving their individual names with the addition doing business under the firm name of etc., etc., the action is against the individuals and not against the firm."

Bates Pleading Practice and Forms, Fourth Edition—§2262.

Under the form of action the finding could be made against either or both or in favor of both as the evidence warrants.

From the evidence it appears that no recovery can be had against the defendant, Martin, except it be shown by a preponderance of the evidence that he was a partner.

If a partner, he stands in the same position as defendant, A. Mack Hawn. If not a partner, no recovery can be claimed against Martin.

In the opinion of the trial court the statement is made that it is not necessary to pass on the question of fact as to partnership since in another action between the said Martin and the said Hawn it was judicially determined that there was no partnership. We find ourselves at variance with the trial court on this principle of law.

The plaintiff in this case was not a party to the action to which the court refers and consequently the question can not be res adjudicata as to him.

Since the trial court did not pass on the facts of partnership we must consider this evidence de novo. In view of the evidence in the form of a sworn petition in which defendant, Martin stated he was a partner with A. Mack Hawn and other evidence touching this issue we think the case should be remanded for finding on this and other issues.

In view of the fact that the case is remanded for new trial we think it proper to refer to the question of cross demands between the Hawn-Myers Motor Company and The Hawn Sales Company or City Garage. (A. M. Hawn).

The trial court sustained a motion to strike from the answer of A. M. Hawn certain facts evidently intending to raise the issue of cross demands. Later in the opinion the court questioned the correctness of its former ruling.

We would refer the court and counsel to §§11241 and 11321 GC. If defendants desire to raise the question, consideration should be given whether or not it must be pleaded.

Entry may be drawn remanding the case for new trial at defendants' costs. Exceptions allowed.

HORNBECK, PJ, and KUNKLE, J, concur.