*50
 
 Weygandt, C. J.
 

 Inasmuch as a court of record in rendering a judgment speaks through its journal alone, it should be observed the Court of Appeals based its reversal on the single finding “that in its opinion substantial justice has not been done the party complaining.”
 

 The sole question requiring consideration by this court is the jurisdiction of the Court of Appeals on an appeal on questions of law to substitute its judgment for that of the trial court as to the amount of an allowance for an unliquidated claim for counsel fees.
 

 It is the contention of the appellant that under these circumstances the jurisdiction of the Court of Appeals was limited to the alternatives of requiring a remittitur or reversing the judgment and remanding the cause for a retrial. Reliance is placed upon the decision of this court in the case of
 
 Chester Park Co.
 
 v.
 
 Schulte, Admr.,
 
 120 Ohio St., 273, 166 N. E., 186, in which the following rule was stated:
 

 “In an action for unliquidated damages neither the trial court nor any reviewing court has the power to reduce the verdict of a jury or to render judgment for a lesser amount without the consent of the party in whose favor the verdict was rendered to such reduction. ’ ’
 

 The appellees seek to distinguish that case from the instant one by pointing out that in that case there was a trial by jury but in this one there was not. However, the fundamental and decisive principle here involved is that under the provisions of Section 6, Article IV of the Constitution of Ohio a Court of Appeals does not have jurisdiction to retry a cause on an appeal on questions of law alone. From the journal it is apparent that the reviewing court’s view of the evidence was different from; that of the trial court.' An optional remittitur could have:, been imposed, or the judgment could,, have been reverséd and" .the case remanded for
 
 *51
 
 retrial. However, neither of these courses was followed. Instead, the Court of Appeals re-examined the evidence, retried the issues of fact and substituted its judgment with reference thereto. If it possessed jurisdiction to reduce the amount of the allowance, there would seem to.be equal authority to increase the .sum. The appellees agree that the latter could not be done..
 

 The Court of Appeals was in error, and its judgment must be reversed and that of the Court of Probate affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.