Hart, J.
 

 Appellant complains that the Court of Appeals erred in modifying the judgment of the Probate Court and in rendering final judgment, on the ground that, since the appeal to that court was on questions of law, it had no jurisdiction to modify the judgment of the Probate Court in any respect except as required by law, and if the court found that the judgment of the Probate Court was erroneous because not sustained by sufficient evidence, the court could only reverse the judgment and remand the case to the Probate Court for a new trial.
 

 In the opinion of this court the complaint of the appellant in this respect is well taken and the Court of Appeals erred in modifying the judgment of the Probate Court and in rendering final judgment, for two reasons.
 

 First, the matter of determining and allowing the amount of compensation to be paid to an administrator for services in connection with land sales in the administration of a decedent’s estate and the amount of the allowance of attorney fees for services to an administrator in the administration of such an estate, is solely within the jurisdiction of the Probate Court and may not be determined by any appellate court on appeal. See Section 10510-46, General Code;
 
 Trumpler, Admr.,
 
 v.
 
 Royer,
 
 95 Ohio St., 194, 115 N. E., 1018.
 

 
 *532
 
 Second, in a case where the validity of a judgment in a review on questions of law involves the weight of the evidence, the Court of Appeals may reverse the judgment on the weight of the evidence, but under such circumstances must remand the cause for a new trial. It may not modify and enter final judgment unless there is a consent to a remittitur.
 

 In the recent case of
 
 State, ex rel. Squire, Supt.,
 
 v.
 
 City of Cleveland,
 
 150 Ohio St., 303, 82 N. E. (2d), 709, this court held:
 

 ‘ ‘ Where the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn therefrom, both the trial court and the Court of Appeals are authorized and required upon motion to weigh the evidence, but in such a situation the Court of Appeals on an appeal on questions of law cannot as a matter of law find the facts otherwise than as found by the trier of the facts. In such a situation the sole function of the Court of Appeals is to-weigh the evidence and either affirm the finding of the trier of the facts or, if such finding be against the weight of the evidence, set it aside and remand for a new trial. ’ ’
 

 In the case of
 
 In re Estate of Johnson,
 
 142 Ohio St., 49, 49 N. E. (2d), 950, this court held:
 

 “1. Under the provisions of Section 6, Article IV of the Constitution of Ohio a Court of Appeals in an appeal on questions of law alone is vested with jurisdiction to review, affirm, modify or reverse a judgment of a trial court.
 

 “2. In such an appeal a Court of Appeals is without jurisdiction to retry the issues of fact and substitute its judgment for that of the trial court as to the amount of an unliquidated claim.”
 

 Chief Justice Weygandt, in his opinion in that case, referring to the case of
 
 Chester Park Co.
 
 v.
 
 Schulte, Admr.,
 
 120 Ohio St., 273, 166 N. E., 186, holding to the same effect, said:
 

 
 *533
 
 “The appellees seek to distinguish that case from: the instant one by pointing out that in that case there was a trial by jury but in this one there was not. However, the fundamental and decisive principle here involved is that under the provisions of Section 6, Article IV of the ^Constitution of Ohio a Court of Appeals-does not have jurisdiction to retry a cause on an appeal on questions of law alone. From the journal it is-apparent that the reviewing court’s view of the evidence was different from that of the trial court. An-optional remittitur could have been imposed, or the-judgment could have been reversed and the case remanded for retrial. However, neither of these courses-was followed. Instead, the Court of Appeals reexamined the evidence, retried the issues of fact and', substituted its judgment with reference thereto.”
 

 The
 
 Johnson case
 
 was followed in
 
 Bishop
 
 v.
 
 East Ohio Gas Co.,
 
 143 Ohio St., 541, 56 N. E. (2d), 164, in-which case this court held:
 

 “Under the provisions of Section 6, Article IV of the Constitution of Ohio, a Court of Appeals, in an appeal on questions of law alone, is without jurisdiction to retry the issues of fact and substitute its judgment, for that of the trial court as to the amount that may be recovered in an action for unliquidated damages for injury to or destruction of personal property.”' See, also,
 
 Bridgeport Bank Co.
 
 v.
 
 Shadyside Coal Co.,
 
 121 Ohio St., 544, 170 N. E., 358.
 

 The Court of Appeals, in the instant case, in reversing the judgment, said:
 

 “The [probate] court arrived at the amount of the administrator’s compensation by allowing four per cent on the gross sale of the real estate, to wit, $3,220,. and an additional sum of $2,500 for personal risk assumed by the administrator in the sale of the real estate. * * * the allowance of $2,500 as compensation-for the claimed risk assumed by the administrator is-
 
 *534
 
 not only contrary to the manifest weight of the evidence, but is not supported by any evidence, and the allowance of such compensation by the court was ■clearly an abuse of discretion. * *
 
 *
 

 “We are not unmindful of the holding of the Supreme Court in the case of
 
 In re Estate of
 
 Johnson, 142 Ohio St., 49. However, in the instant case we are not substituting our judgment for that of the lower court in the amount of fees. We are holding that as to one specific item there is no evidence to sustain it.”
 

 The Court of Appeals evidently overlooked the fact that the finding of the Probate Court, as distinguished from statements in its opinion, did not set out separately the items making up its lump sum judgment of $5,720 as the total value of the services of the administrator, and, therefore, there was no separate item which the Court of Appeals could have remitted from the judgment.
 

 Under the circumstances, in order to carry out its opinion the Court of Appeals could do no more than reverse the judgment as being against the weight of the evidence and remand the cause to the Probate Court for a redetermination of fees for the services of the administrator.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Probate Court for further proceedings.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart and Taft, JJ., concur.
 

 Turner, J., not participating.