Middleton, J.
The parties were married October 13, 1945, and the daughter, Linda Lou, was born Au-guest 3, 1946. The defendant, John C. Trickey, prior to the marriage had served seven years in the army, including the period of the second world war. Sometime after the birth of the child he re-enlisted.
On June 2, 1947, the wife, Effie Pauline Trickey, instituted an action for divorce in the Common Pleas Court of Miami County in which county both of the parties had resided for a number of years. The divorce case was heard in May 1948 before the Honorable Jacob T. Koenig, Judge of the Court of Common Pleas of Auglaize County, sitting by assignment in Miami county. Both plaintiff and defendant testified as did many other witnesses. At that time the defendant was a private first class stationed at Fort Knox, Kentucky. The mother (plaintiff) was living in Tipp City, Miami county, near her parents and the child was being cared for largely by her parents. The parents of plaintiff were in court and at least one of them testified in the divorce case and the trial judge became acquainted with them and expressed respect for and confidence in them.
Upon the evidence, which was rather voluminous, the *11 court on May 19,1948, granted a divorce to the father, John C. Trickey, upon his cross-petition.
In connection with the decree of divorce the trial judge made an order with respect to the custody of the child. That order included the following :
“It is further ordered and decreed that the plaintiff shall have the care, custody and control of said minor child, Linda Lou Trickey, until further order of the court, subject to the supervision of the child’s maternal grandparents. ’ ’
Right of visitation by the father was specified.
Subsequently, on application of one or the other of the parties for modification of the custody order, several hearings were had and at each hearing witnesses testified. All hearings were had before the same Common Pleas judge and all orders in the case were made by that judge.
At such hearing on June 6, 1949, it was shown that both parties had remarried, that the father had become a noncommissioned officer with increased pay, that he had living quarters near the army post and that the services of army doctors were available to his family, that the mother’s then husband was employed, and that she had removed the child from the home of her parents and was caring for the child in the apartment occupied by herself and her husband. Both the father’s new wife and the mother’s new husband appeared and testified at length.
As a result of that hearing the court on August S, 1949, modified the custody order so as to provide for the child being with each parent for alternate periods of three months.
On December 8, 1949, after hearing at which it was shown that the father was then in Officers Candidate School in Fort Riley, Kansas, the order was changed and the mother was given custody for the sis months during which the father was at Fort Riley. *12 •The order then provided: “This case is continued until further order of the court. ’ ’
On April 28, 1950, a further hearing was held at which both parents testified at length. Among other facts it was shown that the father was then a commissioned officer and that the mother then had a child by her second marriage. The judge continued the cause to enable him to have an independent investigation made of the then existing home of each of the parents. The court’s decision was entered on September 14, 1950. It awarded permanent custody to the father with specified privileges of visitation by the mother and provided that the mother should have the child during any periods during which the father might be in overseas service.
On October 4, 1950, a motion for vacation of the order of September 14 and for rehearing was heard with both parties personally present and represented by counsel. Again the court found in favor of the father “that it is for the best interests of Linda Lou Trickey that custody be awarded in accordance with its said order dated September 14, 1950.”
Upon appeal on questions of law the Court of Appeals held:
‘ ‘ That the judgment entry of May 19th, 1948, is the determinative final order of the trial court of custody made by the said trial court, and that all orders succeeding thereafter made by the said Court of Common Pleas of Miami County, Ohio, are of no effect to change, alter, or modify the said custodial order of May 19th, 1948, for the reason that none of the changed conditions alleged or shown thereafter had application to the welfare of the child and therefore did not constitute sufficient grounds for the exercise of the judicial discretion of the Common Pleas Court of Mi arm' County, Ohio, to make a further change in the custody of Linda Lou Trickey, the minor child *13 of the parties, different from the order of custody journalized on May 19th, 1948, and that in ordering said further change of custody the trial court abused its discretion.”
In both its opinion and the journal entry the Court of Appeals stated that the trial court abused its discretion in changing the order of custody of May 19, 1948.
The order of September 14, 1950 was “set aside, reversed and held for naught.”
We can not agree with the conclusion reached by the Court of Appeals.
That court properly recognized the continuing jurisdiction of the trial court with respect to custody of minor children but it misconstrued and misapplied the decision of this court in Dailey v. Dailey, 146 Ohio St., 93, 64 N. E. (2d), 246, on which it relied. The Dailey case recognized the right of the trial court to change the custody when there was a change of conditions and held that when one of two children reached the age of ten so that she could make a choice between the parents there was a change in conditions with respect to a younger sister which could be considered by the trial judge and that it was for the trial judge to determine whether upon such facts a change in custody was for the best interest of the child. The judgment of the Court of Appeals was reversed in that case because said court substituted its judgment for that of the trial court.
In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the' parties and through independent investigation can not be conveyed to a reviewing court by printed record. In the instant case the trial judge conducted not one but several hearings. He exhibited great patience and *14 thoroughness. He evidenced sincere concern for the welfare and best interests of the child and acted only-after deliberation. We find no indication whatever of abuse of discretion.
This court has repeatedly held that in an appeal on questions of law the Court of Appeals can not substitute its judgment for the judgment of the trial court. In Re Estate of Johnson, 142 Ohio St., 49, 49 N. E. (2d), 950; Bishop v. East Ohio Gas Co., 143 Ohio St., 541, 56 N. E. (2d), 164; State, ex rel. Squire, Supt., v. City of Cleveland, 150 Ohio St., 303, 82 N. E. (2d), 709; In Re Estate of Murnan, 151 Ohio St., 529, 87 N. E. (2d), 84; Henry v. Henry, 157 Ohio St., 319, 105 N. E. (2d), 406.
Finding, as we do, that the Court of Appeals reached its conclusion by substituting its judgment for the judgment of the trial court, that there is no evidence on which a finding of an abuse of discretion can be predicated, and that there is no issue as to the weight of the evidence, the judgment of the Court of Appeals is reversed and that of the Common Pleas Court, dated September 14, 1950, is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Hart, JJ., concur.