Middleton, J.
This cause was heard by the Court of Appeals on questions of law only. The Court of Common Pleas heard and considered the evidence and found thereon that the plaintiff had not carried the burden of proving that he is the son of Tie P. Miller. Study of the record convinces this court that there was evidence upon which the trial court could reach that decision. Under such circumstances the Court of Appeals could not substitute its judgment as to the significance and effect of the evidence for that of the Court of Common Pleas, reverse the judgment of that court and render final judgment contrary to the judgment of the Court of Common Pleas. In re Estate of Johnson, 142 Ohio St., 49, 49 N. E. (2d), 950; Bishop v. East Ohio Gas Co., 143 Ohio St., 541, 56 N. E. (2d), 164; State, ex rel. Squire, Supt., v. City of Cleveland, 150 Ohio St., 303, 82 N. E. (2d), 709; In Re Estate of Murnan, 151 Ohio St., 529, 87 N. E. (2d), 84; Henry v. Henry, 157 Ohio St., 319, 105 N. E. (2d), 406; Trickey v. Trickey, 158 Ohio St., 9, 106 N. E. (2d), 772.
The most that the Court of Appeals had the power to do was to reverse on the weight of the evidence and remand for further hearing.
The problem as to whether an illegitimate child is a “child” as that term is used in Section 1465-82, 4 (B), General Code, is not reached until the paternity of the child is established.
*555 The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.