## · CLARK, Estate of, In re.

Ohio Appeals, Second District, Darke County.

No. 717.   Decided April 14, 1954.

S. E. Mote, Greenville, for appellant, Laura Clark.
Russell E. Wise, Union City, Indiana, Spidel, Staley & Hole, Greenville, for appellee-administrator.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Probate Court overruling exceptions filed to the inventory by the alleged widow of the decedent.

The record discloses that Harrison W. Clark died intestate, a resident of Darke County, Ohio, on or about the 27th day of December, 1952, leaving his alleged widow and three grandchildren as his next of kin. An administrator was duly appointed, who filed his inventory and appraisement, but did not set off to the alleged widow any property as exempt under Schedule F, or any property for a year's allowance under Schedule G. The alleged widow, Laura Clark, thereupon filed exceptions to the inventory for failing to set off the statutory exemptions.

The record discloses further that Harrison W. Clark, deceased, and Laura Clark, the exceptor, were married on the second day of July, 1927; that at the time of their marriage Mrs. Clark had two minor children, and that the family moved onto a 68-acre farm owned by the deceased; that shortly before his marriage the deceased had undergone a major operation and that during his marriage he was physically unable to do much work; that the 68-acre farm was rented on the shares, and that all of the income the deceased had was a one-half interest in the crops raised on the said farm; that during this period his barn burned and it was necessary for him to rebuild the same and to raise the money by going into debt; that he provided cows, chickens and a garden, and that sufficient hogs were raised for their own meat supply; that the income derived from the cows and chickens was given to Mrs. Clark for the family expenses; that the Clarks resided as husband and wife on the farm for a little over three years, at which time Mrs. Clark left, taking her two children with her; that she left approximately in the year 1930, moving first to Greenville and then to Cornell, Wisconsin; that the family relationship ceased at this time and was never re-established. The record is silent as to any divorce having been granted, but it does appear that on several occasions the deceased wrote letters to Mrs. Clark requesting her return.

During the course of the hearing the exceptor offered her-

self as a witness. Objection was made to her testimony by reason of the provisions of §2317.03 R. C., which objection was sustained by the trial court. This is assigned as prejudicial error. It is our conclusion that the cited section of the Revised Code prohibits the testimony of the exceptor and the court did not err in its ruling.

The next question presented is whether the proof is sufficient to establish the fact that the exceptor is the widow of said Harrison W. Clark. The burden of proof is upon the exceptor, but we think this was fully met when the records of the Probate Court of Darke County were offered in evidence showing that the parties were married on July 2, 1927. When such a relationship is once established and the record is silent as to whether there has been a divorce of the parties, there is a presumption that the status continues. **Industrial Commission v. Dell, 104 Oh St 389; 34 A. L. R. 422; McHenry v. McHenry, 19 Oh Ap 187.** The same legal principle is pronounced in 26 O. Jur. 79, Section 70:

"It is usually held that there is a presumption that any marriage which has been properly and legally solemnized, and the status of the parties thereby fixed and determined, shall continue until terminated by death, or by the decree of some court of competent jurisdiction, having both parties before it, by due process of law. That is, the presumption is that the parties are still husband and wife, while living, or that the relation which the law has once established continues until the contrary is shown."

We are therefore of the opinion that all the evidence in the record on this question supports the conclusion that the exceptor was still the wife of the said Harrison W. Clark at the time of his decease.

We shall next give consideration to the question of whether or not the court erred in overruling the exceptions and denying the widow her allowance under §2117.20 R. C., and exemptions under §2115.13 R. C. Sec. 2115.13 R. C., provides:

"When a person dies leaving a surviving spouse or minor children, certain properties, if selected as provided in this section, are not assets or administered as such, but must be included and stated in the inventory of the estate. * * * Such property is to be selected by such surviving spouse, or if there is no surviving spouse by the guardian or next friend of such minor children. * * *"

Sec. 2117.20 R. C., provides:

"The appraisers of a decedent's estate shall set off and allow to the widow and to the children under the age of eighteen years, or if there is no widow then to such children,

sufficient provisions or other property to support them for twelve months from the decedent's death but such allowance shall be set off to such children only when necessary for their support, taking into consideration the father's primary duty to care for his children."

Both of the foregoing sections were given consideration in the case of **Davidson v. Miners and Mechanics Savings & Trust Co., 129 Oh St 418,** wherein the court held in the second syllabus:

"The widow's year's allowance and the allowance given her under §10509-54 GC, are a debt and preferred claim, respectively, against her deceased husband's estate, deductible before a determination of the share of the estate to be taken by the widow 'under the statute of descent and distribution.' "

If these exemptions and allowances are preferred claims against the estate they inure not only to the benefit of the widow but also to her estate after her decease. **Raleigh v. Raleigh, 153 Oh St 173.** The appellee urges that the record supports the conclusion that the exceptor deserted her husband through her own fault and choosing and for this reason she is not entitled to the year's allowance, citing Adams & Hosford's Ohio Probate Practice, p. 903. An examination of the foregoing authority discloses that the author relied upon the case of In re Estate of William Roth, 6 O. N. P. 498. This is an early Nisi Prius case and we find no other decisions in this state wherein it has been followed or even cited. We are of the opinion that the record would support the facts or finding urged by the appellee, but even so, under the pronouncement of our Supreme Court the reason for the separation is neither pertinent nor material.

In the case of **In re Croke, 155 Oh St 434,** the court was called upon to construe **§10509-74 GC. (§2117.20 R. C.)** At page 440 Judge Hart says:

"Upon full consideration, it is our view that the statutes governing a widow's allowance from the estate of her deceased husband contemplate and require an allowance of support for a full period of twelve months after his death, even though the widow dies before the expiration of that period. We now state the reasons for this view.

"In the first place, the language of the statute providing for such an allowance is clear, positive and unambiguous. It is: 'The appraisers * * * shall set off and allow to the widow * * * sufficient provisions or other property to support * * * (her) for twelve months from the decedent's death.'

"If the General Assembly had intended to impose any limitation upon this sweeping award to the widow, it could easily have done so by providing for the payment of such

support in monthly installments so long as she survived her husband but in no event to exceed twelve such installments. This statute has had the consideration of the General Assembly on several occasions since the adoption of the General Code in 1910. Present §10509-74 GC, differs in several respects from former §10656 GC, which it supersedes. In a comprehensive revision of the statutes governing administration of estates, the General Assembly, effective January 1, 1932, enacted §10509-74 GC, which now provides that an allowance to minor children under 18 years of age shall be made only when the same is necessary for their support. Significantly, the widow was not included in such limitation."

And continuing on page 442 he says:

"The widow's 'year's allowance' is as broad as the grant of the statute and may not be limited except by specific terms of the statute creating it or by some other statutory enactment of equal efficacy. As a vested right of property such right may not be taken away except by a waiver or surrender thereof by the widow herself or her personal representative in case of her death."

On page 448 the court said:

"In commenting on the holding of the Court in the case last cited, Judge Stewart in the Raleigh case above cited, appropriately said:

" 'If the allowance under §10509-54 GC, is a preferred claim against the estate, it is logical that it inures not only to the benefit of the spouse who is entitled to it but likewise to his estate after his decease.'

"By the same logic the widow's 'year's allowance' provided for in §10509-74 GC, which is also a debt and preferred claim against the husband's estate, must inure not only to the benefit of the widow who is entitled to it, but likewise to her estate after her death."

In the light of the foregoing authorities it is our conclusion that the statutes involved herein must be construed to mean what they plainly say and nothing may be added thereto or subtracted therefrom, except by other legislative enactments of equal efficacy. Under such an interpretation the exceptions to the account should have been allowed.

The judgment will be reversed and cause remanded with instructions that the exceptions be allowed.

WISEMAN, PJ, HORNBECK, JJ, concur.