IN RE ESTATE OF CLARK.

(No. 729—Decided March 25, 1955.)

*Mr. S. E. Mote,* for appellant.
*Mr. Russell E. Wise* and *Messrs. Spidel, Staley & Hole,* for appellee.

WISEMAN, J.  This is an appeal on questions of law from a judgment of the Probate Court of Darke County dismissing the petition of the widow for an order increasing the widow's year's allowance.  Section 2117.22, Revised Code, provides:

"On the petition of an interested person, the Probate Court may review the allowance made to the widow or children as provided by Section 2117.20 of the Revised Code, increase or diminish it, and make such order in the premises as it deems right."

Under the provisions of the above section the widow filed her petition in the Probate Court for review of her allowance. Upon a hearing the court found that the amount fixed by the appraisers was reasonable and just. From that order this appeal was taken.

This case was before us previously. Under date of April 14, 1954, this court rendered an opinion (*In re Estate of Clark,* 69 Ohio Law Abs., 435) in which it reversed an order of the Probate Court refusing to fix an allowance for the widow's year's support on the ground that she was separated from the husband and that for many years he had contributed nothing towards her support. In that case we held that under the statute the widow was entitled to have a year's allowance set off to her. We applied the rationale in the opinion of the Supreme Court in the case of *In re Croke,* 155 Ohio St., 434, 99 N. E. (2d), 483. The case was remanded to the Probate Court for the purpose of fixing an allowance. The record shows that proper notice was given as required by law of the time and place of the meeting of the appraisers for the purpose of setting off the allowance. Neither the widow nor her counsel appeared. The appraisers fixed the allowance at $500.

Upon hearing on the petition, the trial court found that the amount set off by the appraisers was reasonable and just and in the judgment entry found that the widow had not lived with the decedent for over 20 years prior to his death; that for over 20 years the decedent had not contributed anything towards her support; that during the last nine years she lived with her son in the state of Wisconsin; and that the son was her sole support. The special findings in the judgment entry do not have the effect of separate findings of fact. *Burton, Exr.,* v. *Tax Commission,* 37 Ohio App., 183, 189, 174 N. E., 361. While the record supports the findings incorporated in the judgment entry, it shows other pertinent facts which were undisputed. About two months prior to the decedent's death the widow, who is an elderly person (the exact age not being given), broke her leg, for a

period of three or four months was bedfast, and for a period of a year and one-half thereafter moved around on crutches. According to the inventory and appraisement the assets of the estate were appraised at $17,698. There was evidence presented to the effect that to care for a person of advanced years, with a broken leg, in a rest home, would cost $30 to $50 per week. Perhaps this was not the proper test to be applied, but it was evidence of some probative value to be considered by the court in fixing an allowance. From the record, it appears that the trial court failed to consider her advanced years, her injury, and the cost of care.

The petitioner claims that on the facts presented, the court should have increased the allowance to $1,500. This claim is based on the evidence relative to the cost of caring for such a person in a rest home.

The appellant assigns six separate errors which may be epitomized as follows: The judgment is contrary to law and against the manifest weight of the evidence; error in the admission and exclusion of evidence; error in the failure to grant an increase of the allowance on the ground that she was supported by her son; and error in overruling a motion for new trial.

The principal question for determination is the rule to be applied in fixing the amount of the year's allowance. The pertinent part of Section 2117.20, Revised Code, provides:

"The appraisers of a decedent's estate shall set off and allow to the widow and to the children under the age of eighteen years, or if there is no widow then to such children, sufficient provisions or other property to support them for twelve months from the decedent's death * * *."

No reported opinion in Ohio has laid down a definite rule to be applied in fixing the allowance. In 18 Ohio Jurisprudence, 460, Section 358, it is stated:

"The rule as adopted by the courts for measuring the amount of the allowance, is that the amount is to be determined by taking into consideration the age of the widow, her physical condition, the manner in which decedent lived at the time of his death, and the general expenses incident to the care of the family concerned."

In support of the text the following cases are cited: *Moore*

v. *Admr. of Moore,* 46 Ohio St., 89, 18 N. E., 489; *In re Estate of Mullen,* 5 N. P., 392, 6 O. D., 134; *In re Howland's Estate,* 7 N. P., 665, 5 O. D., 582; *In re Estate of Rahe,* 12 O. D., 590. These cases add little to the text above quoted.

In the case of *In re Croke, supra,* the court, in the opinion, on page 442, said:

"True, the amount of the allowance, depending upon the size of the husband's estate, the social position of the parties at the time of his death, and to some extent the need of the widow following his death, is determined by the appraisers and the court, but their function is only to determine that element of the beneficial enjoyment of the right. They do not create the property right, neither can they limit it or take it away."

The rule generally applied by the Probate Courts of this state, with which we are in accord, may be stated as follows: The widow is entitled to have set off to her provisions or other property sufficient to support her for 12 months, in the same station and condition in life to which she has been accustomed; and in the application of the rule the appraisers and the court may consider her age, manner of living, physical condition, medical expense, if any, social position, value of the estate, and the amount expended for support in the years immediately preceding the decedent's death. The allowance will vary with the peculiar circumstances in each case. In the instant case the trial court had a right to and did consider the fact that the widow had lived for many years with her son. An inference could be drawn from the evidence that her standard of living was not very high.

In the application of the above rule, did the evidence require the court to increase the allowance? We think it did. A substantial increase was warranted by the evidence.

The trial court, in its written opinion, found that the son had expended about $500 per year for the care and support of the appellant. There is no evidence to support this finding. However, since the finding was not carried into the journal entry, it may be ignored. We observe how the appraisers in the first instance arrived at the amount of $500. One of the counsel for the administrator testified that when the appraisers met to fix the allowance he stated to them: "We would be agreeable to $500."

It does not appear that the court applied the proper rule; neither does it appear that the trial court considered certain pertinent evidence which should have been considered in determining whether the allowance should be increased.

We do not find any error in the admission or exclusion of evidence. However, in our opinion the judgment is against the manifest weight of the evidence and contrary to law. The motion for new trial should have been sustained. There being error in the record prejudicial to the rights of the appellant, the judgment is reversed.

We cannot enter judgment in this court. The cause will be remanded to the trial court for new trial and further proceedings according to law. In *Myers* v. *Hawn,* 15 Ohio Law Abs., 90 (decision by Judge Barnes of this court), the seventh paragraph of the headnotes is as follows:

"A remand of the case will be made by the reviewing court where it involves issues of fact not passed on by the trial court and on which there is evidence."

In that case the reviewing court remanded the cause to the trial court for new trial. See, also, *In re Estates of Murnan,* 151 Ohio St., 529, 87 N. E. (2d), 84; *Bridgeport Bank Co.* v. *Shadyside Coal Co.,* 121 Ohio St., 544, 170 N. E., 358; *Thomas Emery's Sons* v. *Irving National Bank,* 25 Ohio St., 360, 18 A. R., 299; *Burton, Exr.,* v. *Tax Comm., supra; McLaughlin* v. *Rawn,* 31 Ohio Law Abs., 190, 41 N. E. (2d), 869.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

MILLER, P. J., and HORNBECK, J., concur.