Bell, J.
Section 317.111, Revised Code, so far as pertinent hereto reads as follows:
“No instrument by ivhich the title to real estate or personal property, or any interest therein or lien thereon, is conveyed, created, encumbered, assigned or otherwise disposed of, shall be received for record or filing by the county recorder unless the name of the person who, and governmental agency, if any, which prepared such instrument appears at the conclusion of such instrument and such name is either printed, typewritten, stamped, or signed in a legible manner. * * *
“This section does not apply to any instrument executed prior to the effective date of this section, nor to the following: any decree, order, judgment, or writ of any court; any will or death certificate; any instrument executed or acknowledged outside of this state.” (Emphasis added.)
So far as the Schmelzer lien is concerned, the absence of the scrivener’s name on the affidavit which was received for record and filing by the county recorder is the only impediment to its validity.
Does, therefore, the absence of the scrivener’s name from an affidavit for a mechanic’s lien, an affidavit which in all other *249 respects complies with the statutory requirements for the creation of a lien, render invalid the affidavit and the lien sought to be created thereby?
It is contended by Honabarger that Section 317.111, Revised Code, although in the chapter of the Code dealing with the duties of the county recorder, must nevertheless be read %n pari materia with the sections of the Code dealing with mechanics’ liens. And with this contention we are generally disposed to agree. Clearly, in speaking of the creation of liens, the General Assembly had the mechanic’s lien sections in mind.
In Bullock v. Horn, 44 Ohio St., 420, 7 N. E., 737, this court said, in paragraph one of the syllabus:
“The statutes of this state upon the subject of mechanics’ liens, being remedial in their nature, are to be liberally construed in order to carry out the purpose of the Legislature in their enactment.”
In the opinion of the case, which was noted with approval by this court in Vernon v. Harper, 79 Ohio St., 181, 86 N. E., 882, 20 L. R. A. (N. S.), 44, Judge Spear, commenting on the purpose of the Legislature, said:
“The labor of the workman and the material of the materialman having contributed to the erection of the structure; having, indeed, created, in part the very property on which the lien is sought to be attached, the purpose of the law is to give to such parties the right, where the contractor refuses to pay, to be paid for their labor and material out of the fund which has been earned under the contract, and out of the structure, and the land upon which it stands * *
It is clear, we think, that the provisions of Section 317.111, Revised Code, authorize the county recorder to refuse to accept for record or filing an included instrument which does not comply with the requirement of the statute. In fact, his clear duty under the statute is to refuse to accept it. But having violated this duty and placed the instrument on record, how has the action of the recorder in so doing prejudiced the landowner? He has received, as has all the world, notice of the claim against him in terms and amounts that are unchangeable. Macklin, Recr., v. Miller Improved Gas Engine Co., 13 C. C. (N. S.), 94, affirmed, 86 Ohio St., 354, 99 N. E., 1130. He still has available to him *250 all the means accorded by statute to resist the lien or to require its discharge if it is not timely enforced. The identity, or lack of identity, of the person who prepared the affidavit can hardly be of any concern to him.
But the presence of the requirement in the statute indicates that it must be the concern of someone. And the clue to the source of that concern is readily apparent from the report of the Unauthorized Practice of Law Committee made to the Council of Delegates of the Ohio State Bar Association and appearing in 27 Ohio Bar, 963 (issue of November 1, 1954):
“As an aid in the fight against the unauthorized practice of law, and to assist local committees in this respect, the Unauthorized Practice Committee unanimously recommends to the Council of Delegates that every effort be made to secure the enactment of a statute which would provide as follows: * * *”
The suggested statute was subsequently enacted in substantially the same terms by the General Assembly as Section 317.111, Revised Code.
The obvious purpose of this enactment was to give the bar of this state a ready weapon in its fight to protect the public of Ohio from the unauthorized practitioner. We do not conceive it to have been intended as a means whereby one otherwise obligated to a lienor could escape that obligation.
We are of the opinion, therefore, that an affidavit for a mechanic’s lien, which in all other respects complies with the statutory requirements for the creation of a lien, is not rendered invalid by the fact that it is accepted for record and filing by a county recorder without the name of the person who prepared it being noted thereon, and the lien created by such affidavit is not for that reason destroyed.
The question involved in the Bown claim is whether certain acts performed by Bown were a necessary part of the proper completion of the work and were a good-faith attempt to perform his contract or whether they were merely an attempt to extend the time for filing a mechanic’s lien. Also involved is the question of a controversy between Iionabarger and the principal contractor, i. e., whether there had been an abandonment by the latter and whether such abandonment, if any, was within Bown’s knowledge. These are, obviously, questions of fact. *251 These questions were decided in the trial court adversely to Bown.
The first paragraph of the opinion of the Court of Appeals reads, in part, as follows:
“This is an appeal on questions of law and fact from the judgment of the court below. Appellant, however, considered this appeal as one on questions of law and filed briefs and assignments of error, and we will therefore consider it as an appeal on questions of law. * * *”
In the opinion of the Court of Appeals, it is later stated:
“In a consideration of the evidence in this case we are of the opinion that the last labor and material was furnished to the Honabarger dwelling on August 3 and 4, 1956, and were furnished pursuant to the contract between Bown and the principal contractor, and contract between the principal contractor and Honabarger, and that this labor and material were a part of the final stages of Bown’s performance of his contract.”
In its entry, as indicated earlier, the Court of Appeals held the finding of the Court of Common1 Pleas on the Bown claim to be against the manifest weight of the evidence and entered final judgment for Honabarger.
It may well be argued, and some members of the court hold strongly to that view, that as a matter of law what was done by Bown on his last day on the job (which day was some 65 days after his last work), namely, placing trim on a bathtub so that a painter could continue working, the repairing of a leaky pipe, the installation of a dishwasher, and the delivery of toilet fixtures preparatory to installation, was substantial work and in performance of his contract. Those holding to that view would treat the statement concerning the manifest weight of the evidence as surplusage and, since the judgment of the Court of Appeals was therefore right, albeit for the wrong reason, affirm that judgment.
Although it is difficult to see how the work done by Bown on the last day could be anything but substantial, the law is well settled in this state that, where the Court of Appeals, in an appeal on questions of law only, finds a judgment to be against the weight of the evidence, it is the sole function of the Court of Appeals to set aside the judgment and remand the *252 cause for a new trial. State, ex rel. Squire, Supt. of Banks, v. City of Cleveland, 150 Ohio St., 303, 82 N. E. (2d), 709; In re Estate of Murnan, 151 Ohio St., 529, 87 N. E. (2d), 84; State v. Geghan, 166 Ohio St., 188, 140 N. E. (2d), 790.
This court said in In re Disbarment of Lieberman, 163 Ohio St., 35, 125 N. E. (2d), 328:
“Whether there is sufficient evidence to sustain the finding of the trial court is a question of law. If the Court of Appeals had determined in this case that the finding was not sustained by sufficient evidence, it would have been justified in dismissing the charges. And in an appeal on questions of law, if there is sufficient evidence in the record to warrant the finding of the Court of Common Pleas, the Court of Appeals may nevertheless decide that such finding is against the weight of the evidence. In that event, the only power of the Court of Appeals is to order a new trial. State v. Robinson, 162 Ohio St., 486.”
If the Court of Appeals actually meant that there was no evidence, or insufficient evidence, to sustain the judgment below, it could have said so ánd rendered final judgment. The Supreme Court is not required to and ordinarily docs not weigh the evidence. Therefore, it will not review the determination by a Court of Appeals that a finding is against the weight of the evidence.
It follows, from what has been said, that the judgment of the Court of Appeals must be affirmed as to the Schmelzer claim and reversed and the cause remanded to the Court of Common Pleas as to the Bown claim.

Judgment affirmed in part and reversed in part.

Zimmerman, Matthias and Peck, JJ., concur.
Weygandt, C. J., concurs in the judgment as to the Bown claim but dissents from paragraph one of the syllabus and from the judgment as to the Schmelzer claim.
Taft, J., concurs except in the judgment of reversal and remand as to the Bown claim.
Herbert, J., concurs in paragraphs two and three of the syllabus and in the judgment as to the Bown claim but dis *253 sents from paragraph one of the syllabus and from the judgment as to the Schmelzer claim.