STUMP, ESTATE OF, IN RE.

Probate Court, Preble County.

No. 20335.   Decided September 19, 1962.

*Messrs. Spidel, Staley & Hole,* for petitioner.
*Mr. Waldo E. Young,* for the Administrator WWA.

ZIEGEL, J. One of decedent's children has petitioned the Court to review the year's allowance set off to her stepmother in due course by the appraisers of her father's estate, this proceedings being authorized by Section 2117.22, Revised Code. The inventory and appraisement which established the year's allowance at $4,500.00 was returned on December 19, 1961, and after one requested continuance was approved without exceptions on January 31, 1962. The petition on which this matter pends was filed on February 7, 1962.

At the outset counsel for the administrator with will annexed moved the Court to dismiss the petition on the ground that it had not been filed in time, citing as his authority par. 2 of the syllabus of *In re Croke,* 155 Ohio St., 434, 44 Ohio Opinions, 411, 99 N. E. (2d) 483, as follows: "The amount of such allowance must be fixed in the first instance by the appraisers of the husband's estate, subject to be increased or decreased on review by the Probate Court on application therefor by the widow or other interested parties. *Such parties as have notice of the filing of the inventory in the husband's estate must file the application within the time allowed for filing exceptions to the inventory; and when the judgment of the Probate Court becomes final in respect to such allowance, the amount thereof may not thereafter be increased or diminished.*" At the hearing the Court withheld its ruling on this motion. Now, this court not being in accord with what appears to be a positive pronouncement of the Supreme Court on the subject as quoted above, the *Croke case* requires detailed analysis.

First, it is to be noted that in the *Croke case* the inventory and appraisal was filed in the Probate Court on July 20, 1949, and that on August 2, 1949, just thirteen days later, an exception to the "year's allowance" together with an application to increase the same was filed. Although there is no mention in the reported statement of facts as to when this inventory was

set for hearing, in view of the fact that Section 10509-59, General Code, as in force and effect in 1949 required at least ten days notice of the time set for hearing, and in view of the fact that the application to review the year's allowance was filed at the same time as the exception to the inventory, it logically appears that the issue of whether the application for review was filed in proper time was not before the Supreme Court. Paragraph 2 of its syllabus, therefore, is a gratuitous pronouncement, not connected with any matter that Court had to decide, and as such should not be controlling.

Secondly, Judge Hart, writing the opinion of the Court, based the reason for his formulation of the law on so-called Probate Court Rule 13. Section 2101.04, Revised Code (formerly Section 10501-13, General Code, effective January 1, 1932, as a part of the "New" Probate Code) directs the several judges of the probate court to "make rules regulating the practice and conducting the business of the court, which they shall submit to the supreme court." Pursuant thereto the Probate Code Committee of the Ohio Association of Probate Court Judges prepared the "Uniform Rules of Practice in the Probate Courts of Ohio," which were approved by the Supreme Court on February 24, 1932. Among these "Uniform Rules" was the above referred to Rule 13 which provided that a petition to review a year's allowance filed under Section 2117.22, Revised Code (Section 10509-77, General Code), will not be considered unless filed within the time allowed for filing exceptions to the inventory.

In the intervening years the uniform operation of these Rules in the probate courts of Ohio has been discredited. As early as March 14, 1933, Chief Justice Weygandt in a letter to Judge Wiseman of the Montgomery County Probate Court stated that "The approval which this court has already given to rules submitted by the Probate Judges' Association is not to be regarded as a finality, as such approval, granted upon request of the Association, involved no concrete case." In 1935, the supreme court decision in *Meyer* v. *Brinsky*, 129 Ohio St., 371, 2 Ohio Opinions, 373, 195 N. E., 702, cast grave doubt as to the constitutionality of Section 2101.04, Revised Code. Shortly thereafter Chief Justice Weygandt wrote in part to Judge Hugh

R. Gilmore of the Preble County Common Pleas Court as follows: ". . . Under the Constitution of Ohio The Supreme Court has no control over the rule-making power of other courts except through the usual testing process of proceedings in error . . . ." See Addams & Hosford Ohio Probate Practice & Procedure, fourth edition, pg. 4.

Rule 13 is *not* included in the Rules of Practice in the Probate Court of Preble County. Although the Supreme Court has held Rule 13 where locally adopted reasonable and valid, *Brown v. Mossop*, 139 Ohio St., 24, 21 Ohio Opinions, 518, 37 N. E. (2d), 598, it may still well be argued that the general assembly never intended to limit the time in which a petition for review of a year's allowance may be filed to the time in which exceptions to an inventory may be filed. Section 2115.16, Revised Code, provides that . . . "Exceptions to the inventory or to the year's allowance may be filed at any time prior to five days, etc. . . ." Section 2117.22, Revised Code, provides for a petition to review the year's allowance, and does not specify any time in which it may be filed. Both of these sections were enacted in their present form insofar as the issue at bar is concerned in 1931 as a part of the same Bill and both of them became effective on the same day, January 1, 1932. (Am. S. B. No. 10, 89th General Assembly, 114 Ohio Laws, 415 and 418.) If the legislature had intended the time limit provided in Section 2115.16, Revised Code, to be exclusive in challenging the amount set off as year's allowance, the enactment of Section 2117.22, Revised Code, would have been superfluous. An alternative method is obviously provided. One may proceed either by exception to the inventory or by petition to review. If the former method is chosen, the time limit of Section 2115.16, Revised Code, is applicable. If the latter, this Court now holds that such petition to review may be filed within a reasonable time. The motion to dismiss is overruled.

The pertinent part of Section 2117.20, Revised Code, provides that "The appraisers of a decedent's estate shall set off and allow to the widow . . . sufficient provisions or other property to support (her) for twelve months *from* the decedent's death . . ." *In re Clark*, 99 Ohio App., 458, 59 Ohio Opinions, 244, 125 N. E. (2d), 917, sets forth the factors to be considered

in determining the amount of this year's allowance in par. 1 of its syllabus:

"A widow is entitled to have set off to her provisions or other property sufficient to support her for 12 months, in the same station and conditions in life to which she has been accustomed; and in the application of such rule the appraisers and the court may consider her age, manner of living, physical condition, medical expense, if any, social position, value of the estate, and the amount expended for support in the years immediately preceding the decedent's death."

Since the administration of a decedent's estate is usually commenced within a short time after his death, and since Section 2115.02, Revised Code, requires, unless an extension of time is granted for good cause shown, the return of the inventory and appraisement within one month after the date of the appointment of the administrator or executor, it is obvious that in determining the amount of the year's allowance the appraisers and/or the court must indulge in a certain amount of reasonable speculation as to what the widow's requirements will be during the period of one year immediately following decedent's death. The amount required cannot be determined with any mathematical certainty.

In the instant case, from the evidence, the Court finds that decedent's widow was 82 year of age; that several months before her husband's death she had had major surgery from which she was making a poor recovery; that for a short period not too long before decedent's death both of them had been in a rest home, but being unhappy there had returned to their own home, where they were again living at the time of decedent's death; that from a short time after her husband's death this widow required 24 hour per day care; that the reasonable cost of this care in her own home was $310.00 per month; that her medical expenses amounted to between $20.00 and $30.00 per month; that in addition there were expenses for food, utilities, fuel, clothing, etc. Considering all of these factors, the Court finds that the amount of $4,500.00 set off to this widow for her year's allowance was certainly not excessive. The petition to review will therefore be dismissed, and final judgment rendered in the amount of $4,500.00 as set off by the appraisers.

It is true that the evidence indicated that this widow could have been maintained at less expense in a rest home. As was pointed out in the *Clark case, supra,* however, the least amount necessary is not the rule.

Counsel for the administrator with will annexed may submit an entry in accordance with this opinion.